Marie Burke Kenny (Bar No. 183640)
E-mail: marie.kenny@procopio.com
Clint S. Engleson (Bar No. 282153)
E-mail: clint.engleson@procopio.com
Ashley N. Fasano (Bar No. 324949)
E-mail: ashley.fasano@procopio.com
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Defendant AYA HEALTHCARE, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA O'DELL, HANNAH BAILEY, HOLLY ZIMMERMAN, and LAUREN MILLER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AYA HEALTHCARE, INC.,<br><br>Defendant. | Case No. '22CV1151 BEN BLM<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT AYA HEALTHCARE, INC.'S MOTION TO COMPEL ARBITRATION AND DISMISS COURT ACTION**<br><br>Hearing Date: November 14, 2022<br>Time: 10:30 a.m.<br>Courtroom: 5A<br>Judge: Hon. Roger T. Benitez<br><br>Complaint Filed: August 4, 2022<br>Trial Date:     None set |

Defendant Aya Healthcare, Inc. ("Aya") respectfully requests this Court take judicial notice of the following material that is attached hereto as an exhibit and referenced in Aya's Motion to Compel Arbitration and Dismiss Court Action, pursuant to Federal Rule of Evidence 201:

1. *Guillen v. Aya Healthcare Services, Inc.*, Case No. 37-2020-00034851, Superior Court of California, County of San Diego, Minute Order re Defendant's Motion to Compel Arbitration and Stay Court Action (August 26, 2022), attached hereto as **Exhibit 5**.

2. *Hollman v. Aya Healthcare, Inc.,* Case No. 21STCV22158, Order re

Defendants' Motion to Compel Arbitration and Stay Court Action (September 1, 2022), attached hereto as **Exhibit 6**.

3. *Lykens v. Aya Healthcare Services, Inc.*, Case No. RG18926616, Superior Court of California, County of Alameda, Tentative Ruling re Defendant's Motion to Compel Arbitration and Dismiss Court Action (September 29, 2022), attached hereto as **Exhibit 7**.

Federal Rule of Evidence 201 provides that the court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably question." Exhibits 5, 6, and 7 constitute official court records of the Superior Court of the State of California which are not subject to reasonable dispute. The Court may "take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. of Orange,* 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted).

For the foregoing reasons, Aya respectfully requests that the Court take judicial notice of Exhibits 5, 6, and 7.

DATED: October 7, 2022

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ *Marie Burke Kenny*
Marie Burke Kenny
Clint S. Engleson
Ashley N. Fasano
Attorneys for Defendant
AYA HEALTHCARE SERVICES, INC.

# EXHIBIT 5

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**CENTRAL**

**MINUTE ORDER**

DATE: 08/26/2022  TIME: 09:30:00 AM  DEPT: C-71
JUDICIAL OFFICER PRESIDING: Gregory W Pollack
CLERK: Terry Abas
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT: Deputy Paul Tomcavage

CASE NO: **37-2020-00034851-CU-OE-CTL** CASE INIT.DATE: 10/01/2020
CASE TITLE: **GUILLEN VS AYA HEALTHCARE SERVICES INC [IMAGED]**
CASE CATEGORY: Civil - Unlimited  CASE TYPE: Other employment

**EVENT TYPE**: Motion Hearing (Civil)
MOVING PARTY: Aya Healthcare Inc
CAUSAL DOCUMENT/DATE FILED: Motion - Other DEFENDANTS NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY COURT ACTION, 02/25/2022

**APPEARANCES**
COURTNEY M MILLER, counsel, present for Plaintiff(s) via remote audio conference.
Clint S Engleson, counsel, present for Defendant(s).

The Court orally advises the parties of its tentative ruling, after which oral argument is conducted. Upon completion of oral argument, the court makes the below ruling:

**RULING AFTER ORAL ARGUMENT:** The Court rules on defendants Aya Healthcare Services, Inc.' Aya Healthcare, Inc. and Aya Healthcare Local, Inc.'s (collectively Defendants) motion to compel arbitration and dismiss court action as follows:

Defendants bring this motion on the grounds that plaintiff Melissa Guillen (Plaintiff) signed an Arbitration Agreement governed by the Federal Arbitration Act (FAA) which contained a waiver of non-individual action and that the United States Supreme Court abrogated *Iskanian v. CLS Transp. Los Angeles, LLC* (2014) 327 P.3d 129 (hereafter *Iskanian*) in *Viking River Cruises, Inc. v. Moriana* (2022) 142 S.Ct. 1906 (hereafter *Viking River*) and held that California's blanket rule against arbitration of individual Private Attorneys General Act of 2004 (PAGA) claims is preempted by the FAA

In response, Plaintiff contends that (1) the motion is premature, (2) the California Supreme Court's ruling in *Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73 contradicts *Viking River's* ruling an PAGA standing and precludes dismissal, (3) the Court has no discretion but to stay Plaintiff's non-individual PAGA claims under California's Arbitration Act. Notably, Plaintiff did not challenge the validity of the arbitration agreement or argue its inapplicability to all of her PAGA claims against all of the named defendants. She also did not dispute *Viking River's* holding that PAGA claims have both an individual and non-individual component.

As to the issue of prematurity, Defendants presented evidence that it raised the issue of mediation with the Plaintiff. Notably, they stated in their letter to Plaintiff that they would assume Plaintiff did "not intend to comply with the pre-arbitration conditions in her arbitration agreement" and would unilaterally move for arbitration if she did not respond to their proposals within 10 days. According to Defendants, Plaintiff's untimely response did not address their settlement offer or adequately address their request for mediation. *(Fasano Dec., ¶2 and Exh. 9.)* Nevertheless, the Court orders the parties to mediate the matter prior to commencing arbitration in order to comply with the terms of the Arbitration Agreement.

As to *Kim,* the Court agrees with Defendants that it is inapplicable because it predates the concept of individual PAGA claims and did not address the issue of what happens when a PAGA claim's individual and non-individual components are split between two forums. This is so because *Kim* did not allow a PAGA claim to be split into individual and non-individual components due to the California Supreme Court's prior ruling in *Iskanian,* which as noted above was abrogated by the United States Supreme Court in *Viking River.*

As to the issue of dismissal versus stay, the Arbitration Agreement requires Plaintiff to purse all her individual Labor Code claims in arbitration and to dismiss her remaining non-individual claims for lack of standing. (*Viking River, supra,* 142 S.Ct. at pp. 1923-1925.) Finally, there are no appellate PAGA decisions where an employer has been made to provide discovery in an attempt to replace a PAGA representative. The cases cited by Plaintiff are distinguishable.

Based on the foregoing, the motion is granted. As noted above, the parties are ordered to mediate the matter prior to commencing arbitration. If the parties fail to come to an agreement at mediation, Plaintiffs' individual claims shall be sent to arbitration and its non-representative claims will be dismissed without prejudice.

**IT IS SO ORDERED.**

_____

Judge Gregory W Pollack

# EXHIBIT 6

Marie Burke Kenny (Bar No. 183640)
E-mail: marie.kenny@procopio.com
Clint S. Engleson (Bar No. 282153)
E-mail: clint.engleson@procopio.com
Ashley N. Fasano (Bar No. 324949)
E-mail: ashley.fasano@procopio.com
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Defendant Aya Healthcare, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| CASSONDRA HOLLMAN, on behalf of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>AYA HEALTHCARE, INC. dba AYA HEALTHCARE STAFFING, INC.; PACIFIC GARDENS MEDICAL CENTER, LLC; PACIFICA OF THE VALLEY CORPORATION dba PHV PACIFICA HOSPITAL OF THE VALLEY, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 21STCV22158<br><br>**NOTICE OF RULING ON DEFENDANT AYA HEALTHCARE, INC.'S MOTION COMPEL ARBITRATION AND DISMISS COURT ACTION**<br><br>Date:     September 1, 2022<br>Time:    8:30 a.m.<br>Dept:     31<br>Judge:   Hon. Yolanda Orozco<br><br>Complaint Filed:   June 11, 2021<br>Trial Date:          None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Aya Healthcare, Inc.'s ("Defendant") Motion to Compel Arbitration and Dismiss Action (the "Motion") came on for hearing on September 1, 2022, at 8:30 a.m., in Department 31 before the Honorable Yolanda Orozco in the above-entitled court. Zachery Rothenberg appeared on behalf of Defendants Pacific Gardens Medical Center, LLC and Pacifica of the Valley Corporation. Kristabel Sandoval appeared on behalf of Plaintiff Cassondra Hollman. Clint Engleson appeared on behalf of Defendant.

At the hearing, the Court heard oral argument and adopted its tentative ruling on the Motion as the order of the Court and directed Defendant to give notice. A true and correct copy of the Court's tentative ruling on the Motion is attached hereto as Exhibit 1.

The Court also set a Status Conference for February 23, 2023 at 9:00 a.m.

DATED: September 6, 2022

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: _____
Marie Burke Kenny
Clint S. Engleson
Ashley N. Fasano
Attorneys for Defendant
Aya Healthcare, Inc.

2
NOTICE OF RULING ON DEFENDANT AYA HEALTHCARE, INC.'S MOTION COMPEL ARBITRATION AND DISMISS COURT ACTION

122757-00000030/6206012.1                                                                                      CASE NO. 21STCV22158

# Exhibit 1

## MOTION TO COMPEL ARBITRATION

## AND STAY COURT ACTION IS GRANTED IS GRANTED

**Background**

This is a wage and hour action brought by plaintiff Cassondra Hollman ("Plaintiff") under California's Private Attorneys General Act ("PAGA"). On June 11, 2021, Plaintiff filed the complaint and on August 17, 2021, filed the First Amended Complaint ("FAC") against defendants AYA Healthcare, Inc. d/b/a AYA Healthcare Staffing, Inc. ("AYA"), Pacific Gardens Medical Center, LLC, ("Pacific Gardens"), Pacifica of the Valley Corporation d/b/a PHV Pacifica Hospital of the Valley ("Pacifica Hospital"), and Does 1 to 100, inclusive (collectively, the "Defendants").

The FAC asserts two causes of action against the Defendants for (1) penalties pursuant to Labor Code, Section 2699(a), and (2) penalties pursuant to Labor Code, Section 2699(f).

On February 24, 2022, Defendant Aya Healthcare, Inc. filed this Motion seeking to Compel Arbitration and stay the Action. An Amended Notice and Motion was filed on August 01, 2022.

Defendant Aya Healthcare's Ex Parte Application for an Order Staying Case and Continuing Hearing on Motion to Compel Arbitration was granted on March 3, 2022. (Min. Or. 03/03/22.)

Defendants Gardens Medical Centers and Pacifica of the Valley Corporation filed a Joinder to Aya Healthcare, Inc.'s motion on June 28, 2022.

Plaintiff filed Opposition Papers on August 10, 2022.

Aya Healthcare filed a Reply on August 16, 2022.

**Legal Standard**

Parties may be compelled to arbitrate a dispute upon the court finding that: (1) there was a valid agreement to arbitrate between the parties; and (2) said agreement covers the controversy or controversies in the parties' dispute.¿ (CCP § 1281.2; see also <u>Omar v. Ralphs Grocery Co.</u> (2004)¿118 Cal.App.4th 955, 961.)¿¿ ¿

A party petitioning to compel arbitration has the burden of establishing the existence of a valid agreement to arbitrate and the party opposing the petition has the burden of proving, by a preponderance of the evidence, any fact necessary to its defense. (<u>Banner Entertainment, Inc. v. Superior Court</u>¿(1998) 62 Cal.App.4th 348, 356-57.)¿¿"If a court of competent jurisdiction . . . has ordered arbitration of a controversy which is an issue involved in an action or proceeding pending before a court of this State, the court in which such action or proceeding is pending shall, upon motion of a party to such action or proceeding, stay the action or proceeding until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies." (CCP § 1281.4.)¿

- 1 -

**Request for Judicial Notice**

Defendant Aya Healthcare, Inc. requests Judicial Notice of:

1. Docket No. 20-1573, Viking River Cruises, Inc., v. Angie Moriana, Question Presented, https://www.supremecourt.gov/docket/docketfiles/html/qp/20-01573qp.pdf, attached as Exhibit 5 to Defendant's Notice of Lodgment ("NOL").

2. Docket No. 20-1573, Viking River Cruises, Inc., v. Angie Moriana https://www.supremecourt.gov/docket/docketfiles/html/public/20-1573.html, attached as Exhibit 6 to Defendant's NOL.

3. The United States Supreme Court's General Procedures, "The Court and Its Procedures", https://www.supremecourt.gov/about/procedures.aspx, attached as Exhibit 7 to Defendant's NOL.

4. The United States Supreme Court's General Procedures for Oral Argument, "Visitor's Guide to Oral Argument", https://www.supremecourt.gov/visiting/visitorsguidetooralargument.aspx, attached as Exhibit 8 to Defendant's NOL.

Defendant Aya notes that courts may take judicial notice of information published on official government websites as the content on the website is not reasonably subject to dispute and the facts contained on the websites are capable of immediate and accurate determination. (Evid. Code § 452; People v. Morales (2018) 25 Cal. App. 5th 502, 512, n.7; Daniels-Hall v. National Educ. Ass'n (9th Cir. 2010) 629 F. 3d 992, 998-999.

Defendant Aya Healthcare Inc's request for Judicial Notice is GRANTED.

Plaintiff Cassondra Hollman requests Judicial Notice of the following:

Exhibit 1: A true and correct copy of the Respondent's Petition for Rehearing in Viking River Cruises Inc. v. Angie Moriana, U.S. Supreme Court Case No. 20-1573;

Exhibit 2: A true and correct copy of the July 13, 2022 Minute Order in Singh v. West Covina Motor Group LLC, Los Angeles Superior Court, Case No. 21STCV41713;

Exhibit 3: A true and correct copy of the July 13, 2022 Order in Gozzi v. Acadia Malibu, Inc., Los Angeles Superior Court, Case No. 19STCV39861;

Exhibit 4: A true and correct copy of the July 21, 2022 Minute Order in Taylor v. In-N-Out Burgers, Los Angeles Superior Court, Case No. 21STCV18259;

Exhibit 5: A true and correct copy of the July 27, 2022 Minute Order in Adams v. Pacific Villa, Inc., A California Corporation, et al., Los Angeles Superior Court, Case No. 20STCV37260;

Exhibit 6: A true and correct copy of the July 29, 2022 Minute Order in Maldonado v. FS Hotels LA, Inc., A California Corporation, Los Angeles Superior Court, Case No. 20STCV13849; and

Exhibit 7: A true and correct copy of the July 1, 2022 Amicus Curiae Letter Supporting Limited Review in Adolph v. Uber Technologies, Inc., California Supreme Court Case No. S274671.

The Court may take judicial notice of records of any court of this state or any court of record of the United States or of any state in the United States. (Cal. Evid. Code § 452(d).)

Plaintiff's request for Judicial Notice is GRANTED.

**Discussion**

**1.      Existence of a Valid Arbitration Agreement**

Plaintiff does not dispute that she signed a binding arbitration agreement ("Agreement") with Defendant Aya Healthcare, Inc. ("Aya"), executed January 18, 2022. (See Defendant Aya's Notice of Lodging, Ex 3) The Agreement provides in relevant part:

"…YOU AND AYA AGREE THAT NO CLAIM COVERED BY THIS AGREEMENT MAY BE PURSUED AS A CLASS, COLLECTIVE, OR REPRESENTATIVE ACTION AND ALL SUCH CLAIMS MUST BE PURSUED ONLY ON AN INDIVIDUAL BASIS. Notwithstanding the foregoing, to the extent any Party asserts a representative claim that is determined to be nonwaivable, You and Aya agree that any and all such representative claims may be asserted and determined only by binding arbitration in accordance with this Agreement."

(Id.)

Furthermore, the Parties expressly stated that the Federal Arbitration Act (FAA) governs the Agreement. (Id.) The Agreement also expressly states that it is enforceable by Aya and its clients, who are intended beneficiaries of the Agreement. (Id. see also Joinder by Defendant Pacifica of the Valley Corporation and Pacific Gardens Medical Center.)

On May 31, 2022, Plaintiff submitted to JAMS a Demand for Arbitration of her individual claims against Aya, Pacific Gardens Medical Center, LLC, and Pacifica of the Valley Corporation. (Kenny Decl. ¶ 3; Exhibit 9.)

Plaintiff does not challenge the validity of the Agreement nor the requirement that she arbitrate her individual claims per the United States Supreme Court's holding in Viking River Cruises, Inc. v. Moriana (2022) 142 S.Ct. 1906 (Viking). Accordingly, the Court accepts that a valid arbitration agreement exists between the Parties requiring the Parties to arbitrate Plaintiff's individual claims.

- 3 -

### 2. Waiver of Class, Collective, or Representative Claims

Plaintiff opposes Aya's Motion to the extent that it requests the dismissal of her representative PAGA claims. Aya maintains that under the Arbitration Agreement, Plaintiff waived her right to participate in a class, collective, or representative action.

Aya correctly points out that in Viking the U.S. Supreme Court held:

"We hold that the FAA preempts the rule of Iskanian insofar as it precludes division of PAGA actions into individual and non-individual claims through an agreement to arbitrate. This holding compels reversal in this case. The agreement between Viking and Moriana purported to waive 'representative' PAGA claims and under our holding, that aspect of Iskanian is not preempted by the FAA, so the agreement remains invalid insofar as it is interpreted in that manner. But the severability clause in the agreement provides that if the waiver provision is invalid in some respect, any 'portion' of the waiver that remains valid must still be 'enforced in arbitration.'"

(Viking, supra, 142 S.Ct. at 1924-1925.)

Aya does not dispute that if the Class Action Waiver is interpreted as a wholesale waiver of the PAGA, it must be served from the Agreement. Aya does not address this issue further and only asserts that once Plaintiff's individual claims are compelled to arbitration, her representative PAGA claims must be dismissed under Viking. (See Viking, supra, 142 S.Ct. at 1925.)

As noted above, under the holding in Viking, the California Supreme Court's finding in Iskanian v. CLS Transportation Los Angeles, LLC (2014) remains valid as to the rule that prohibits waiver of "representative" PAGA claims. (Iskanian v. CLS Transportation Los Angeles, LLC (2014) 59 Cal.4th 348, 382-383.) Accordingly, the Court severs from the Agreement any requirement that Plaintiff waive her representative PAGA claims per the Agreement's severability clause which states:

"If any part of this Agreement is construed to be in violation of any law, unenforceable, or void, such part shall be modified to achieve the objective of the Parties to the fullest extent permitted by law, and the balance of this Agreement shall remain in full force and effect."

(See Defendant Aya's Notice of Lodging, Ex 3)

Accordingly, the Agreement remains valid, and Plaintiff's individual claims can and will be compelled to arbitration.

### 3. Dismissal of PAGA Claim

Aya maintains that the U.S. Supreme Court holding in Viking compels the dismissal of Plaintiff's representative PAGA action. Plaintiff asserts that under California law she has standing to maintain her representative PAGA claims. The Court agrees.

Aya erroneously interprets Viking to hold that "California standing law does not allow the employee to maintain their non-individual claims in court." (Reply at 2:15-16.) Such a

- 4 -

proposition ignores the fact that the U.S. Supreme Court is limited in its interpretation of California law. The U.S. Supreme Court is not the final arbitrator of California law. (See <u>Beal v. Missouri Pac. R. R. Corp.</u> (1941) 312 U.S. 45, 50 ["The state courts are the final arbiters of their meaning and appropriate application, subject only to review by this Court if such construction or application is appropriately challenged on constitutional grounds."]; see also <u>Wisconsin v. Mitchell</u> (1993) 508 U.S. 476, 483 ["There is no doubt that we are bound by a state court's construction of a state statute."].)

Accordingly, Plaintiff is correct in asserting that the California Supreme Court's interpretation of PAGA standing is controlling. In <u>Kim v. Reins International California, Inc.</u> (2020) the California Supreme Court found that an employee who settled or dismissed his individual claims for Labor Code violations remained an "aggrieved employee" with standing to bring a PAGA claim: "Settlement of individual claims does not strip an aggrieved employee of standing, as the state's authorized representative, to pursue PAGA remedies." (<u>Kim v. Reins International California, Inc.</u> (2020) 9 Cal.5th 73, 80.) In <u>Viking</u>, the U.S. Supreme Court recognized that "PAGA's standing requirement was meant to be a departure from the 'general public' ... standing originally allowed' under other California statutes." (<u>Viking</u>, <u>supra</u>, 142 S.Ct. at 1925 [citation omitted.].)

In <u>Kim</u> the California Supreme Court explained that PAGA standing "has only two requirements . . . The plaintiff must be an aggrieved employee, that is, someone 'who was employed by the alleged violator' and 'against whom one or more of the alleged violations was committed.'"

(<u>Kim</u>, <u>supra</u>, 9 Cal.5th at 83-84, citing Labor Code § 2699(c).) The California Supreme Court further explained: "Nothing in the legislative history suggests the Legislature intended to make PAGA standing dependent on the existence of an unredressed injury, or the maintenance of a separate, unresolved claim."

(<u>Id</u>. at 90-91.)

Accordingly, Aya's assertion that <u>Kim</u> is not on point as to an employee's standing to pursue non-individual PAGA claims once the individual claims are compelled to arbitration, is without merit. Aya has not presented evidence that Plaintiff lacks standing because she is not an "aggrieved employee" who has asserted one or more Labor Code violations against her employer. (See <u>Kim</u>, <u>supra</u>, 9 Cal.5th at 90-91.) Additionally, to find that Plaintiff lacks standing to bring a representative PAGA claim would be contrary to the legislative intent and purpose of PAGA.

"Employers could potentially avoid paying any penalties to the state simply by settling with the individual employees. And these individual settlements would not be subject to the safeguards of PAGA settlements, which require notice to the LWDA and court oversight."

(<u>Id</u>. at 88.)

- 5 -

Therefore, the Court finds that under Kim, Plaintiff has standing to continue the representative PAGA claim and recover penalties on behalf of the state and other aggrieved employees.(See also Zuniga v. Alexandria Care Center, LLC (2021) 67 Cal.App.5th 871, 883 [holding that even though plaintiff's individual claims were settled after arbitration was ordered, plaintiff remained an "aggrieved employee" with standing to purse penalties on the state's behalf.]; Johnson v. Maxim Healthcare Services, Inc. (2021) 66 Cal.App.5th 924, 929-930 [finding that even though plaintiff's individual PAGA claims were time-barred, plaintiff was an "aggrieved employee" with standing to bring a PAGA claim.]; Shams v. Revature LLC (N.D. Cal., Aug. 17, 2022, No. 22-CV-01745-NC) 2022 WL 3453068, at *4 ["Although the Supreme Court suggests that under PAGA, Moriana lost standing to pursue her non-individual PAGA claims, because the California Supreme Court is the final arbiter of California law, this Court applies Kim's interpretation of PAGA standing to this case."].)

Therefore, Aya's request that Plaintiff's non-individual PAGA claims be dismissed is DENIED.

**Conclusion**

Defendant Aya Healthcare Inc.'s request to Compel Arbitration of Plaintiff's individual claims is GRANTED. The rest of this case is stayed pending the outcome of the arbitration.

The sets a Status Conference on February 23, 2023, at 9 a.m. The Court expects the parties to act expeditiously in scheduling and completing the arbitration.

Defendant's request to dismiss Plaintiff's representative PAGA claims is DENIED.

Defendant to give notice.

**EXHIBIT 7**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA

**RG18926616: Lykens VS Aya Healthcare Services, Inc.
09/29/2022 Hearing on Motion to Compel Arbitration in Department 517**

Tentative Ruling

The Motion to Compel Arbitration filed by Aya Healthcare Services, Inc. on 09/02/2022 is Granted.

Defendant Aya Healthcare Services, Inc.'s ("Defendant") Renewed Motion To Compel Arbitration And Dismiss Court Action is GRANTED in PART.

Defendant Aya Healthcare Services, Inc.'S ("Defendant") Request for Judicial Notice of the August 26, 2022 Order in Guillen v. Aya Healthcare Services, Inc is GRANTED.

BACKGROUND
The Court recently issued an Order Denying Aya's Motion to Compel Arbitration without prejudice and therefore need not rehash the procedural history of this case.

In the May 31, 2022 Order, this Court recognized that the pending decision in the US Supreme Court case, Viking River Cruises, Inc. v. Moriana ("Viking River") (2022) 596 U.S. ____, 142 S. Ct. 1906 . ("Viking River") may have an impact on the issues presented but discouraged speculation and invited Defendant to renew the motion if and when it became necessary to do so. Defendant now renews their motion to compel arbitration based upon the Supreme Court's recent decision.

DISCUSSION
In Viking River the Court held the prior rule, prohibiting division of PAGA claims into individual and non-individual claims as set forth in Iskanian v. CLS Transportation Los Angeles, LLC (2014) 59 Cal.4th 348, 376 ("Iskanian"), was preempted by the FAA and therefore a party may compel arbitration of individual claims. ( Viking River, 596 U.S. ____(2022) 142 S. Ct. 1906, ___ (2022).) The Viking River Court, however, did not overrule Iskanian with respect to the arbitrability of PAGA representative claims. "PAGA representative claims for civil penalties are not subject to arbitration," because it is the government entity on whose behalf the plaintiff files suit that remains as the real party in interest. (See Herrera v. Drs. Med. Ctr. of Modesto (2021) 67 Cal. App. 5th 538, 542), as modified (Sept. 1, 2021) [discussing Iskanian].)

Here, Defendant's binding arbitration agreement called for the arbitration of both individual and nonindividual claims arising out of or relating employment with Aya. (See Zeeb Decl., ¶ 5 Exh. 1, §§ 2,3,5.) Despite litigating the case for a little over three years, Defendant now moves to compel arbitration of the individual claims contending that any prior attempt to do so would have been futile. The Court agrees, particularly in light of this Court's recent denial to compel arbitration prior to the issuance of the Viking River decision.

Plaintiff's argument that Defendant has waived the right to compel is unpersuasive. Waiver, is "the intentional relinquishment of a known right or an act which…is so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished."

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA

**RG18926616: Lykens VS Aya Healthcare Services, Inc.
09/29/2022 Hearing on Motion to Compel Arbitration in Department 517**

(Broad. Music, Inc. v. Structured Asset Sales, LLC, (2002) 75 Cal. App. 5th 596, 604.) The right to compel an individual PAGA claim to arbitration was unavailable until the recent decision in Viking River abrogated Iskanian. Defendants therefore were unable to relinquish a right they did not yet have under California law. Defendant's motion to compel Plaintiff's individual PAGA claims to arbitration is GRANTED. The Court compels Plaintiffs' Individual PAGA claims to binding arbitration pursuant to Aya Healthcare Arbitration Agreement signed by Plaintiff on October 3, 2016. (See Zeeb Decl., ¶ 5 Exh. 1.)

Defendants' Motion to Dismiss Plaintiffs' Representative PAGA claim is DENIED. Defendant argues that the representative claims must be dismissed under Viking River. Whether a representative action can proceed under PAGA when the individual claims are no longer pending is a matter of interpretation of California PAGA law, not an issue under the Federal Arbitration Act. The California Supreme Court's interpretation of PAGA is controlling on the interpretation of California law. Kim v. Reins International California, Inc. (2020) 9 Cal.5th 73, 88, held that an employee does not lose standing to pursue representative claims under PAGA when their individual claims for Labor Code violations have been settled and dismissed. There is no material distinction between an individual's claims being dismissed and being compelled to arbitration. In both situations, the claims are no longer pending in state court. At this point, under Kim, standing remains.

The California Supreme Court is reviewing this issue in Adolph v. Uber Technologies, Inc., S274671. Plaintiff's request to STAY the representative claims pending the decision in the California Supreme Court case is GRANTED. The representative claims in this action are stayed pending the California Supreme Court's decision in Adolph v. Uber Techs.
---------------------------
PLEASE TAKE NOTICE THAT THE HEARING/CONFERENCE WILL BE IN-PERSON WITH THE OPTION TO APPEAR REMOTELY.
COUNSEL AND PARTIES MAY APPEAR EITHER IN-PERSON IN DEPARTMENT 517 AT THE HAYWARD HALL OF JUSTICE OR REMOTELY THROUGH THE ZOOM PLATFORM. ZOOM LOG-IN INFORMATION FOR DEPARTMENT 517 IS BELOW.

Join ZoomGov Meeting
https://www.zoomgov.com/j/16181989812

Meeting ID: 161 8198 9812
One tap mobile
+16692545252,,16181989812# US (San Jose) 16692161590,,16181989812# US
+(San Jose)

Dial by your location
+1 669 254 5252 US (San Jose)
+1 669 216 1590 US (San Jose)
+1 551 285 1373 US
+1 646 828 7666 US (New York)

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ALAMEDA**

**RG18926616: Lykens VS Aya Healthcare Services, Inc.**
**09/29/2022 Hearing on Motion to Compel Arbitration in Department 517**

833 568 8864 US Toll-free
Meeting ID: 161 8198 9812
Find your local number: https://www.zoomgov.com/u/ad6x1ZH23d

Join by SIP
16181989812@sip.zoomgov.com

Join by H.323
161.199.138.10 (US West)
161.199.136.10 (US East)
Meeting ID: 161 8198 9812