Jason S. Hartley (SBN# 192514)
Jason M. Lindner (SBN# 211451)
**HARTLEY LLP**
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: 619-400-5822
*hartley@hartleyllp.com*
*lindner@hartleyllp.com*

George A. Hanson (*pro hac vice*)
J. Austin Moore (*pro hac vice*)
Alexander T. Ricke (*pro hac vice*)
K. Ross Merrill (*pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: 816-714-7100
*hanson@stuevesiegel.com*
*moore@stuevesiegel.com*
*ricke@stuevesiegel.com*
*merrill@stuevesiegel.com*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA O'DELL, HANNAH BAILEY, HOLLY ZIMMERMAN, and LAUREN MILLER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AYA HEALTHCARE, INC.,<br><br>Defendant. | Case No. 3:22-cv-1151-BEN-BLM<br><br>**PLAINTIFF HOLLY ZIMMERMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD AND LIFT STAY OF HER CLAIMS**<br><br>Date: July 15, 2024<br>Time: 10:30 a.m.<br>Courtroom: 5A<br>Judge: Hon. Roger T. Benitez<br><br>Complaint Filed: August 4, 2022<br>Trial Date: None set |

## I. INTRODUCTION

Along with three other former Aya employees, Plaintiff Holly Zimmerman filed a Complaint against Aya Healthcare Inc. in this Court on August 4, 2022. ECF 1. In her First Amended Class and Collective Action Complaint ("Complaint"), she alleged that Aya engaged in a bait-and-switch scheme by changing its travel nurses' pay rates mid-contract after they had incurred expenses to travel to a new location (often out-of-state). ECF 15, ¶¶ 59-64. She also alleged that for travel employees who worked more than 40 hours in a workweek, Aya miscalculated their rates of overtime pay by failing to include certain benefits, such as meal and housing stipends, as part of the Plaintiffs' regular rate of pay. *Id*. ¶¶ 78-97. Plaintiff Zimmerman thus asserted nine causes of action against Aya, on her own behalf as well as others similarly situated, including claims arising out of common law, tort, and a variety of statutory claims under state and federal law. *Id*. ¶¶ 98-160, 179-193. Specifically, her federal claim arises under the Fair Labor Standards Act (FLSA), alleging that Aya miscalculated her rate of overtime pay. *Id*. ¶¶ 179-88.

Relying on stand-alone Arbitration Agreements signed by each of the four Plaintiffs, Aya moved to compel arbitration of their claims. ECF 21. Plaintiffs opposed the motion, arguing that they had been fraudulently induced to enter the Arbitration Agreements, ECF 30, but this Court found that the parties had expressly delegated to an arbitrator any issues regarding the validity or enforceability of the Arbitration Agreement and that Plaintiffs had not adequately challenged the delegation clause as fraudulently induced. ECF 64. Pursuant to that order, on June 7, 2023, Plaintiff Holly Zimmerman filed a Demand for Arbitration with the American Arbitration Association on June 7, 2023 challenging the enforceability of the Arbitration Agreement. After full briefing and a hearing, on May 28, 2024, AAA Arbitrator Lawrence A. Huerta issued an order finding that Aya's Arbitration Agreement with Plaintiff Zimmerman was procedurally and substantively

unconscionable and therefore unenforceable against her, and that Plaintiff Zimmerman's claims were not properly arbitrable. Thus, Plaintiff Zimmerman now asks this Court to confirm the Arbitration Award and to lift the stay of her claims asserted against Aya in the First Amended Complaint.

## II.   PROCEDURAL HISTORY

### A.   Aya's Motion to Compel Arbitration and this Court's Order

In response to the travel nurses' Complaint, Aya moved to Compel Arbitration and Dismiss Court Action ("Motion to Compel"), relying on stand-alone "agreements" to arbitrate signed by each Plaintiff. ECF 21. As to Plaintiff Zimmerman, Aya relied on an "agreement" to arbitrate that she had e-signed on December 28, 2021. ECF 21-2, at 9-10. Based on these "agreements" signed by Plaintiff Zimmerman and the other Plaintiffs, Aya asked the Court to compel them (1) to "arbitrate their individual claims against Aya" and to (2) "dismiss Plaintiffs' class, collective, and representative action." ECF 21, at 6. In opposing Aya's Motion, Plaintiffs argued that they had been fraudulently induced into signing the Arbitration Agreements, and that they therefore were not enforceable against them. ECF 30.

After full briefing from the parties on Aya's Motion to Compel, this Court granted the Defendant's Motion in part, finding that "[b]ased on the language of the Delegation Clause in the Arbitration Agreement, the Court cannot decide threshold issues of validity and enforceability and therefore, compels arbitration on the arbitrability of Plaintiffs' claims." ECF 64, at 7:14-16; *see also id*. at 12:10-13 ("Here, the language of the Delegation Clause clearly and unmistakably delegates to the arbitrator questions of arbitrability, because it expressly states that the arbitrator has the 'authority to resolve all portions of the dispute, including disputes relating to the interpretation or enforceability of this Agreement.'"); *id*. at 13:5-6 ("If the [delegation] Clause is valid, all remaining validity challenges must be arbitrated.");

*id.* at 13:23-24 (finding that plaintiffs' arguments "did not raise any alleged misrepresentation—or any issue for that matter—specific to the language of the Delegation Clause."); *id.* at 14:13 ("The Court is bound by the Delegation Clause."). Further, "[i]n the interest of justice and in order to avoid duplicative proceedings," the Court granted a stay of the Plaintiffs' claims against Aya, "pending a decision on the arbitrability of Plaintiffs' claims." *Id.*, at 17:24-27.

### B. Plaintiff Zimmerman Challenges the Arbitration Agreement before an Arbitrator

Pursuant to the Court's order, Plaintiff Holly Zimmerman filed a Demand for Arbitration before the American Arbitration Association ("AAA") in San Diego on June 7, 2023.[1] Her Demand related solely to the enforceability of Aya's Arbitration Agreement and asked the Arbitrator to find that her "Arbitration Agreement" with Aya is unenforceable because it (1) was procedurally and substantively unconscionable under California law and/or that (2) Aya fraudulently induced her to enter the purported Agreement. *Se*e Plaintiff Zimmerman's Demand for Arbitration, Ex. 2 to Declaration of J. Austin Moore ("Moore Dec."), at 18. Both parties signed an agreement agreeing to have AAA administer the dispute and to be bound by the AAA Employment Arbitration Rules. *See* Moore Dec., Exs. 2 and 3. ("BY SIGNING BELOW, THE PARTIES AGREE TO SUBMIT THE ABOVE-REFERENCED DISPUTE TO ARBITRATION ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION UNDER ITS EMPLOYMENT ARBITRATION RULES.").

---

[1] Plaintiff Zimmerman initially named the operator of the hospital facility where she had worked, RWJ Barnabas Health Inc., as a defendant in her Arbitration Demand. Barnabas Health never made an appearance in the action and Plaintiff Zimmerman dropped it from the caption. Thus, the Arbitrator's order is solely against defendant Aya Healthcare, Inc. *See* Moore Dec. Ex. 2, at 1.

1    In accordance with the AAA arbitrator selection process, Arbitrator Lawrence
2 A. Huerta was assigned as the Arbitrator. Moore Dec. ¶ 5. After the Arbitrator issued
3 a decision on discovery related to the fraudulent inducement claims, Plaintiff
4 Zimmerman decided not to pursue that claim and to instead solely pursue her claim
5 that her Arbitration Agreement with Aya was procedurally and substantively
6 unconscionable under California law. *Id*. ¶ 6. The parties agreed that this question
7 was a matter of law and set a briefing and hearing schedule on Plaintiff's
8 unconscionability challenge. *Id*. ¶ 7. Pursuant to that schedule, Plaintiff submitted
9 her Opening Brief on Unconscionability to the Arbitrator on February 28, 2024; Aya
10 submitted its Opposition on March 20, 2024; and Plaintiff submitted her Reply brief
11 on April 3, 2024. *Id*. In connection with the briefing, the Parties agreed to a set of
12 stipulated facts, and each party submitted a witness declaration. *Id*. On April 11,
13 2024, Arbitrator Huerta conducted a nearly two-hour hearing on Plaintiff
14 Zimmerman's unconscionability challenge. *Id*. ¶ 8. At the conclusion of the hearing,
15 counsel agreed to submit simultaneous supplemental briefing on two defenses that
16 Aya had raised, including the effect of language in the Agreement that certain
17 provisions applied only to "the extent required by law" and the severability of
18 unconscionable provisions. *Id*.

19    After the parties submitted their supplemental briefs, on May 10, 2024,
20 Arbitrator Huerta issued a 28-page decision on the enforceability of Aya's
21 Arbitration Agreement. Moore Dec. ¶ 9. In it, he explained his finding that Aya's
22 Arbitration agreement with Plaintiff Zimmerman was procedurally and
23 substantively unconscionable and therefore unenforceable against her. *Id*. After Aya
24 moved the Arbitrator for correction of the award based on one minor, non-
25 substantive factual finding, the Arbitrator re-issued his award on May 28, 2024,
26 correcting the award as Aya requested. Moore Dec. ¶¶ 10-11.

27
28

4

In his May 28, 2024 order, the Arbitrator first confirmed the sources of his jurisdiction to decide the dispute—including this Court's April 27, 2023 Order and the Parties' consent—before turning to the substance of Plaintiff Zimmerman's unconscionability challenge. *See* Moore Dec., Ex. 5 at 4 ("The sole question presented in the arbitration briefing submitted is whether the Arbitration Agreement in place between Claimant and Respondent is enforceable as to claims in Claimant's First Amended Complaint presently stayed, or unenforceable on grounds of unconscionability.").

After noting the parties' agreement that California law applied to Plaintiff Zimmerman's unconscionability challenge, *id*. at 4, the Arbitrator turned to the question of whether Aya's Arbitration Agreement was procedurally unconscionable. *Id*. at 7-14. He noted that Aya did not dispute that signing the Arbitration Agreement was a condition of Plaintiff Zimmerman's employment and concluded that it presented the "quintessential adhesion contract." *Id*. at 8-9. Further, the Arbitrator found that two different provisions of Aya's Arbitration Agreement contributed to the element of "surprise," the arbitration cost provision and the venue provision. *Id*. at 9-14. Indeed, the Arbitrator found that "[a]s written, the arbitration cost provision of the Agreement is far from clear and presents significant element[s] of surprise and procedural unconscionability," along with failing to meet the requirements established by the California Supreme Court in *Armendariz v. Foundation Health Psychcare Servs., Inc*, 24 Cal. 4th 83 (2000). *Id*. at 11-12.

Next, the Arbitrator turned to whether the Agreement was substantively unconscionable. *Id*. at 14-21. He found that the Agreement's mandatory pre-arbitration mediation clause presented "an unfair barrier to assertion of [Plaintiff Zimmerman's] statutory or employment rights," *id*. at 15-17, and that both of the Arbitration Agreement's cost provisions were substantively unconscionable. Indeed, as to the requirement that the parties split the costs of mandatory pre-arbitration

5

1  mediation, Arbitrator Huerta found that such a provision "has been deemed
2  unenforceable as unfair, substantively unconscionable, and prohibited for well over
3  twenty years in California," and that its inclusion in the Agreement created an
4  unacceptable chilling effect. *Id*. at 18-20. The Arbitrator found that the Agreement's
5  venue provision was also unconscionable because it required Plaintiff Zimmerman,
6  a travel nurse from Florida who had worked an assignment in New Jersey, to
7  arbitrate her claim in Aya's hometown of San Diego. *Id*. at 20-21.

8        Finally, Arbitrator Huerta rejected two defenses Aya had raised, and on which
9  the parties had submitted supplemental briefing. The Arbitrator first rejected Aya's
10 argument that language qualifying the venue and cost provisions as only applicable
11 "unless otherwise required by law" served to save them from substantive
12 unconscionability. *Id*. at 21-24. The Arbitrator found that this argument had been
13 rejected by "California courts, including the California Supreme Court, on multiple
14 occasions." *Id*. at 21. Further, the language did "nothing to decrease or minimize the
15 chilling effect on assertion of legal rights in workplace disputes that unfair cost
16 provisions or other unfairly burdensome provisions within an arbitration agreement
17 present." *Id*. at 24. Finally, the Arbitrator declined to sever the "multiple
18 unconscionable provisions," finding that the unconscionable chilling effects of
19 Aya's Agreement had been established "by Claimant's unrebutted Declaration
20 testimony" and that "[b]ased on elements of procedural and substantive
21 unconscionability presented in the Agreement, and the fact the cost provisions of
22 this Agreement are so consequential and so far short of well-established
23 requirements for employment arbitration agreements, I find the Agreement is
24 permeated with unconscionability against Claimant as written." *Id*. at 28.

25       Thus, Arbitrator Huerta concluded: "I find the Agreement is unconscionable
26 as it relates to Claimant, and therefore unenforceable against Claimant. Accordingly,
27
28

1 Claimant's claims are not properly arbitrable under the Agreement unless Claimant
2 voluntarily elects to assert her claims in arbitration." *Id*.

### III. THIS COURT MUST CONFIRM THE ARBITRATION AWARD

Pursuant to the Federal Arbitration Act ("FAA"), "if a party seeks a judicial order confirming an arbitration award, 'the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 [vacatur] and 11 [modification]'" of the FAA. *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (citing 9 U.S.C. § 9) (emphasis added); *see also* Cal. Code Civ. P. § 1285 ("Any party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award.").[2] The grounds on which a court may take any action other than confirmation of an arbitration award are "extremely limited." *Kyocera*, 341 F.3d at 998. Those grounds include "to correct a technical error, to strike all or a portion of an award pertaining to an issue not at all subject to arbitration, and to vacate an award that evidences affirmative misconduct in the arbitral process or the final result or that is completely irrational or exhibits a manifest disregard for the law." *Kyocera*, 341 F.3d at 997-98; *see also* Cal. Code Civ. P. §§ 1286, 1286.2, 1286.4, 1286.6.

No such grounds exist here. The Arbitrator was neutral, the parties were afforded opportunities to submit evidence and their arguments, and the Arbitrator issued a thorough and well-reasoned decision on an issue that was recognized by both this Court and the parties to be within the scope of his jurisdiction. *See* ECF 64, at 7:14-16; *see also* Ex. 2 at 2. And even if Aya disagrees with the merits of the Arbitrator's decision, the FAA "provides no authorization for a merits review."

---

[2] For this arbitration, the Parties agreed to the AAA Employment Rules, which provide that "[p]arties to these procedures shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction." AAA Employment Rule 42(c).

*Biller v. Toyota Motor Corp.*, 668 F.3d 655, 664 (9th Cir. 2012); *Moncharsh v. Heily & Blasé*, 3 Cal. 4th 1, 11 (1992) ("[I]t is the general rule that, with narrow exceptions, an arbitrator's decision cannot be reviewed for errors of fact or law."); *see also Century City Medical Plaza v. Sperling, Isaacs & Eisenberg*, 86 Cal. App. 4th 865, 874 (Cal. Ct. App. 2001) (noting that California Supreme Court has "rejected the view that a court may vacate or correct the award because of the arbitrator's legal or factual error") (citations omitted). This Court must therefore confirm Arbitrator Huerta's Arbitration Award finding that Aya's Arbitration Agreement with Plaintiff Zimmerman was procedurally and substantively unconscionable, and thus her claims in the present litigation are not arbitrable.

## IV. THIS COURT MUST LIFT THE STAY OF PLAINTIFF ZIMMERMAN'S CLAIMS AGAINST AYA HEALTHCARE.

"A court's 'power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Moore v. Universal Protection Service, LP*, 2022 WL 494380, at *2 (C.D. Cal. Jan. 21, 2022) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). "'The corollary to this power is the ability to lift a stay previously imposed.'" *Moore*, 2022 WL 494380, at *2 (quoting *Boyle v. City of Kern*, 2008 WL 220413, at *5 (E.D. Cal. Jan. 25, 2008)).

This Court entered a stay of Plaintiff Zimmerman's claims asserted in the Complaint "pending a decision on the arbitrability of Plaintiffs' claims." ECF 64, at 17:25-26; *see* 9 U.S.C. § 3 (court shall "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."). As an Arbitrator has now rendered a final decision finding that Plaintiff Zimmerman's claims are not arbitrable, Plaintiff Zimmerman respectfully requests that the Court lift the stay on her claims against Aya Healthcare. *See e.g., Wilson v. Wells Fargo & Co.*, 2022 WL 4125220, at *2 (S.D. Cal. Sept. 9, 2022) (granting motion to lift stay

because "[t]he Court stayed this case 'pending the completion of the arbitration proceedings' . . . and such arbitration proceedings have now ended."); *Miller v. Travel Guard Group, Inc.*, 2023 WL 4240809, at *6 (N.D. Cal. June 6, 2023) (confirming arbitration award and "lifting the stay of [Plaintiff's] claims, as "the Arbitrator found that Miller's claims are not arbitrable.") (appeal filed but presently administratively closed). Thus, Plaintiff Zimmerman requests that this Court lift the stay as to her claims in the action and schedule a Rule 16 Conference so that her claims may proceed.

## V.     CONCLUSION AND RELIEF SOUGHT

Plaintiff Zimmerman respectfully requests that this Court (1) confirm Arbitrator Huerta's Arbitration Award dated May 10, 2024; (2) lift the stay as to Plaintiff's Zimmerman's claims; and (3) schedule a Rule 16 conference at the Court's earliest availability.

Dated: May 29, 2024　　　　　　　　　**HARTLEY LLP**

By: s/ *Jason S. Hartley*
　　Jason S. Hartley
　　Jason M. Lindner
　　101 West Broadway, Suite 820
　　San Diego, California 92101
　　Tel: 619-400-5822
　　*hartley@hartleyllp.com*
　　*lindner@hartleyllp.com*

　　George A. Hanson (*pro hac vice*)
　　J. Austin Moore (*pro hac vice*)
　　Alexander T. Ricke (*pro hac vice*)
　　K. Ross Merrill (*pro hac vice*)
　　**STUEVE SIEGEL HANSON LLP**
　　460 Nichols Road, Suite 200
　　Kansas City, Missouri 64112
　　Telephone: 816-714-7100
　　*hanson@stuevesiegel.com*
　　*moore@stuevesiegel.com*
　　*ricke@stuevesiegel.com*
　　*merrill@stuevesiegel.com*

　　*Attorneys for Plaintiffs and the Putative Classes and Collective*

9