1  Marie Burke Kenny (Bar No. 183640)
   E-mail: marie.kenny@procopio.com
2  Ashley N. Fasano (Bar No. 324949)
   E-mail: ashley.fasano@procopio.com
3  PROCOPIO, CORY, HARGREAVES &
       SAVITCH LLP
4  525 B Street, Suite 2200
   San Diego, CA 92101
5  Telephone: 619.238.1900
   Facsimile: 619.235.0398
6
7  Attorneys for Defendant Aya Healthcare, Inc.

8                UNITED STATES DISTRICT COURT
9           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  LAURA O'DELL, HANNAH BAILEY, HOLLY ZIMMERMAN, and LAUREN MILLER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AYA HEALTHCARE, INC.,<br><br>Defendant. | Case No. 22CV1151 BEN BLM<br><br>**DEFENDANT AYA HEALTHCARE, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONFIRM MILLER ARBITRATION DECISION AND MAINTAIN STAY OF COURT ACTION**<br><br>Date:  July 15, 2024<br>Time:  10:30 a.m.<br>Dept:  5A<br>Judge: Hon. Roger T. Benitez<br><br>Complaint Filed: August 4, 2022<br>Trial Date:     None set |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONFIRM MILLER ARBITRATION DECISION AND MAINTAIN STAY OF COURT ACTION

122757-00000040/8198402.5                                CASE NO. 22CV1151 BEN BLM

## I. INTRODUCTION

Defendant Aya Healthcare, Inc. ("Aya") respectfully requests that this Court confirm the Arbitration Decision finding that Plaintiff Lauren Miller's ("Plaintiff Miller")[1] Arbitration Agreement is valid and enforceable, compel Plaintiff Miller to submit her individual claims against Aya to arbitration, and maintain the stay of litigation pending resolution of Plaintiff Miller's underlying claims against Aya in arbitration.

On March 19, 2024, Arbitrator Gayle L. Eskeridge (the "Arbitrator") issued an "Order Re: Unconscionability and Arbitrability" (the "Arbitration Decision" or "Decision") finding that Plaintiff Miller's Arbitration Agreement with Aya is valid and enforceable. Declaration of Ashley N. Fasano ("Fasano Decl."), ¶ 8, Exhibit ("Ex.") 4. The Arbitration Decision was properly rendered by the Arbitrator pursuant to the binding Delegation Clause in the Parties' Arbitration Agreement, which requires that any disputes regarding the interpretation and enforceability of the Arbitration Agreement be resolved in arbitration. *See generally,* Order, ECF No. 64.

Aya now moves this Court to confirm the Arbitrator's Decision finding that Plaintiff Miller's Arbitration Agreement is valid and enforceable for the following reasons: (1) the Court has jurisdiction to confirm the Decision pursuant to Section 9 of the Federal Arbitration Act ("FAA"); (2) this Motion to confirm the Arbitration Decision was timely filed; and (3) no grounds exist to deny confirmation of the Arbitration Decision. Judicial review of an arbitration award is both limited and deferential. Thus, unless the award is vacated, modified, or corrected, the Court "must grant" a petition to confirm an arbitration award. *See* 9 U.S.C. § 9; *Coutee v. Barrington Capital Group*, L.P., 336 F.3d 1128, 1132 (9th Cir. 2003). Aya respectfully submits that no grounds exist to vacate, modify or correct the Arbitration Decision. Thus, the Decision must be confirmed by the Court.

/ / /

---

[1] Aya and Plaintiff Miller are referred to collectively herein as the "Parties."

1

## II. PROCEDURAL HISTORY

### A. The Court Compelled the Parties to Arbitration.

On or about April 27, 2022, Aya and Plaintiff Miller entered into an Arbitration Agreement, which provided that any dispute arising from Plaintiff Miller's employment with Aya would be submitted to binding arbitration. Fasano Decl., ¶ 4, Ex. 1. Plaintiff Miller further agreed not to pursue any claims covered by her Arbitration Agreement on a class or collective basis. *Id.*

The instant class, collective, and representative action lawsuit was initiated on August 4, 2022. Plaintiff's Compl., ECF No. 1. Thereafter, on September 27, 2022, Plaintiff Miller, along with her co-plaintiffs, filed the operative First Amended Complaint ("FAC") alleging state and federal wage and hour claims against Aya arising from Aya's alleged unlawful reduction of hourly pay rates during employment. Plaintiffs' First Amend. Compl., ECF No. 15. The Parties' met and conferred regarding Plaintiff Miller's binding Arbitration Agreement. Fasano Decl., ¶ 3. Plaintiff Miller nonetheless refused to dismiss her class and collective action claims and submit her individual claims to arbitration. *Id.* Accordingly, on October 7, 2022, Aya was forced to file its Motion to Compel Arbitration ("Motion to Compel"). Defendant's Motion to Compel, ECF No. 21.

Plaintiff Miller opposed Aya's Motion to Compel on the grounds that Aya concealed the fact that it intended to modify her agreed upon pay rate mid-contract. Order, 13:7-14:3, ECF No. 64. The Court found Plaintiff Miller's argument unpersuasive and held, in pertinent part, that (1) Plaintiff Miller voluntarily consented to the arbitration agreement; and (2) Aya's alleged misrepresentation regarding Plaintiff Miller's pay rate did not relate to her separately executed arbitration agreement. *Id.* The Court further held that the delegation clause in the arbitration agreements expressly delegated authority to the arbitrator to decide "threshold issues of validity and enforceability." Order, 7:14-16, ECF No. 64. Thus, because Plaintiff

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONFIRM MILLER ARBITRATION DECISION AND MAINTAIN STAY OF COURT ACTION

122757-00000040/8198402.5                                   CASE NO. 22CV1151 BEN BLM

Miller failed to raise any challenge to the formation or validity of the delegation clause, the Court lacked authority to decide issue of arbitrability under the terms of the agreement. Order, 13:7-14:3, ECF No. 64. On or about April 27, 2023, the Court granted Aya's Motion to Compel, in part, and ordered the Parties to arbitration as to the arbitrability of Plaintiff Miller's claims against Aya. *See generally,* Order, ECF No. 64. The Court stayed the litigation pending resolution of Plaintiff Miller's challenge to the enforceability of the Parties' Arbitration Agreement in arbitration. *Id.*

**B.     The Arbitrator Determined the Parties' Arbitration Agreement is Enforceable.**

Pursuant to the Court's Order, on June 7, 2023, Plaintiff Miller filed a Demand for Arbitration ("Demand") before the American Arbitration Association ("AAA") in San Diego. Fasano Decl., ¶ 5, Ex. 2. Plaintiff Miller's Demand sought relief in arbitration *only* as to the threshold issue of whether the Parties' Arbitration Agreement is enforceable. *Id.* Specifically, Plaintiff Miller sought to invalidate the Parties' Arbitration Agreement on the grounds that it is unconscionable and fraudulently induced.[2] *Id.* The Demand did not seek relief as to any of the state and federal wage and hour claims Plaintiff Miller asserted against Aya in her FAC. After the Parties completed the rank and strike process for arbitrator selection pursuant to the AAA Employment Arbitration Rules and Mediation Procedures ("AAA Rules), the AAA appointed Gayle L. Eskridge (the "Arbitrator") as the arbitrator. Fasano Decl., ¶ 6; Ex. 3.

On January 26, 2024, Plaintiff Miller filed a Brief on Unconscionability, which Aya opposed. Fasano Decl., ¶ 7. In her brief, Plaintiff Miller argued that her Arbitration Agreement was both procedurally and substantively unconscionable. *Id.* Aya opposed on the grounds that the Arbitration Agreement is not unconscionable.

---

[2] Before the Parties' proceeded with briefing on these issues in arbitration, Plaintiff Miller withdrew her fraudulent inducement claim. Fasano Decl., ¶ 5. Accordingly, the only issue before Arbitrator Eskridge was whether the Parties' Arbitration Agreement is unconscionable.

*Id.* To the extent the Arbitrator were to find any element of unconscionability, Aya argued that such provisions should be severed and the remainder of the Arbitration Agreement should be enforced in accordance with the longstanding federal and California public policies favoring enforcement of arbitration agreements. *Id.* On March 11, 2024, the Arbitrator conducted the arbitration hearing on Plaintiff Miller's unconscionability challenges. *Id.*

On March 19, 2024, Arbitrator Eskridge issued her final Decision finding: (1) Plaintiff Miller's Arbitration Agreement with Aya is enforceable; (2) there is a minimal degree of procedural unconscionability in the Arbitration Agreement; (3) the Arbitration Agreement is not "permeated by unconscionability"; and (4) the "interests of justice are best served by simply severing" the three procedurally unconscionable provisions from the Arbitration Agreement. Fasano Decl., ¶ 8, Ex. 4, p. 26. The Arbitrator further held that the "remainder of the Arbitration Agreement is valid and enforceable." *Id.*, at p. 27.

### III. ARGUMENT

#### A. The Court Must Confirm the Arbitrator's Decision.

Section 9 of the FAA provides that the Court "must grant" a petition to confirm an arbitration award if it is properly brought before the Court within one year of the date of the award. 9. U.S.C. § 9; *Hall Street Assoc., LLC v. Mattel, Inc.*, 128 S.Ct. 1396, 1405 (2008) ("provision for judicial confirmation carries no hint of flexibility…[t]here is nothing malleable about 'must grant'"). The Court may only decline to confirm an award in "extremely limited" circumstances where the party opposing confirmation establishes one of the statutory bases for vacating, modifying, or correcting the award. *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997-98 (9th Cir. 2003) ("the court must grant such an order unless the award is vacated, modified, or corrected"). As explained further below, Aya respectfully submits the instant petition to confirm is timely and there are no grounds to vacate,

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONFIRM MILLER ARBITRATION DECISION AND MAINTAIN STAY OF COURT ACTION

122757-00000040/8198402.5                                    CASE NO. 22CV1151 BEN BLM

correct, or modify the Arbitrator's Decision. Accordingly, the Decision must be confirmed.

Here, Arbitrator Eskeridge rendered the Arbitration Decision on March 19, 2024. Aya filed this Motion to Confirm the Arbitration Decision within three months of the Arbitrator's Decision, and well within the one-year time limitation. Therefore, Aya's request to confirm the Arbitration Decision is timely.

Moreover, there are no grounds whatsoever for the Court to decline to confirm the Decision under the FAA. "[C]onfirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Romero v. Citibank USA, Nat'l Assoc.*, 551 F. Supp.2d 1010, 1014 (E.D.Cal. 2008). As the Ninth Circuit has repeatedly explained, judicial review of an arbitration decision is "both limited and highly deferential." *Coutee*, 336 F.3d at 1132; *Kyocera Corp.*, 341 F.3d at 998; *see also Phoenix Newspapers, Inc. v. Phoenix Mailers Union Local 752*, 989 F.2d 1077, 1080 (9th Cir. 1993). The reviewing court may only decline to confirm an award where the party opposing confirmation has established one of the statutory bases for vacating, modifying, or correcting the award. *See* 9 U.S.C. § 9; *Coutee*, 336 F.3d at 1132.

More specifically, the United States Supreme Court and the Ninth Circuit have held that Section 10 of the FAA provides the exclusive grounds for expedited vacatur of an arbitration award. *Hall Street Assoc.*, 128 S. Ct. at 1403; *Kyocera Corp.*, 341 F.3d at 1000. Therefore, an arbitration award may only be vacated on four limited grounds: (1) corruption or fraud in the procurement of the award; (2) partiality or corruption by the arbitrators; (3) misconduct by the arbitrators which prejudices one party; and (4) arbitration in excess of the arbitrator's powers. 9 U.S.C. § 10(a); *see Kyocera Corp.*, 341 F.3d at 997. Section 11 of the FAA provides limited grounds for correction or modification of the award where (1) there is an evidence miscalculation or material mistake in the award; (2) the arbitrator ruled on a matter not submitted to

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONFIRM MILLER ARBITRATION DECISION AND MAINTAIN STAY OF COURT ACTION

122757-00000040/8198402.5                                            CASE NO. 22CV1151 BEN BLM

the arbitrator that does not affect the merits of the decision upon the matter properly ruled upon; or (3) the form of the award is imperfect. 9 U.S.C. § 11(a)-(c).[3]

Here, there are no grounds to vacate, correct, or modify the Arbitration Decision pursuant to the foregoing standards. Arbitrator Eskeridge was a neutral arbitrator appointed through a duly authorized rank and strike process pursuant to the AAA arbitration rules. There is no evidence of fraud, corruption of misconduct by the Arbitrator. Moreover, the Decision is not in excess of the arbitrator's authority. To the contrary, the Arbitrator issued her Decision pursuant to the authority conferred upon her by the Delegation Clause of the Arbitration Agreement and this Court's Order. *See generally,* Order, ECF No. 64. The Arbitrator engaged in a well-reasoned examination of the Parties' Arbitration Agreement, as well as the evidence and arguments submitted by the Parties, in order to reach her conclusion that the Arbitration Agreement is valid and enforceable (except for three minor provisions that were deemed severed).

For the explained above, the Court must confirm the Arbitrator's Decision finding that Aya's Arbitration Agreement with Plaintiff Miller is valid and enforceable and compel Plaintiff Miller to arbitrate her individual claims against Aya consistent with the Arbitration Decision.

**B.  Plaintiff Miller's Anticipated Argument that Aya Materially Breached the Arbitration Agreement is Unfounded.**

Aya anticipates that Plaintiff Miller will attempt to oppose this Motion to Confirm on the grounds that Aya has waived its right to proceed with arbitration pursuant to Section 1281.98 of the California Code of Civil Procedure. Specifically, Plaintiff Miller has alleged that Aya materially breached the Arbitration Agreement when it failed to timely pay a AAA invoice, dated March 21, 2024 (the "Final

---

[3] Importantly, Plaintiff Miller bears the burden of proving that the statutory grounds for vacatur, modification, or correction exist on an affirmative motion to the Court. 9 U.S.C. § 10. To date, Plaintiff Miller has not filed any such motion with the Court.

Arbitration Invoice"). As an initial matter, failure to timely pay an arbitration-related invoice is not a legitimate basis for vacating, modifying, correcting, or refusing to confirm an arbitration award under the FAA. *See,* 9 U.S.C. §§ 9-11. Moreover, Plaintiff Miller's argument that Aya materially breached the Arbitration Agreement pursuant to Section 1281.98 is entirely unfounded.

Section 1281.98 provides, in pertinent part:

> (a)(1) In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration provider, that the drafting party pay certain fees and costs during the pendency of an arbitration proceeding, ***if the fees or costs required to continue the arbitration proceeding*** are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel the employee or consumer to proceed with that arbitration as a result of the material breach. (emphasis added).

The California Legislature added Section 1281.98 to the California Arbitration Act ("CAA") to assist employees who find themselves in "procedural limbo" because the employer enforcing the arbitration agreement has not paid the arbitration fees ***required to proceed***. *Hernandez v. Sohnen Enterprises, Inc.*, 2024 WL 2313710, at *3 (Cal. Ct. App., May 22, 2024, Case No. B323303), reh'g denied (June 3, 2024) (citing *Gallo v. Wood Ranch USA, Inc.*, 81 Cal.App.5th 621, 629 & 633–634 (2022)). Unlike Section 1281.97, which addresses fees required to initiate arbitration, Section 1281.98 specifically addresses the failure to timely pay fees "***required to continue the arbitration proceeding***." *Id.* (emphasis added). Thus, invoices for final arbitration fees assessed upon the completion of arbitration are not encompassed by the statute.

As discussed above, Plaintiff Miller's Arbitration Demand sought relief as to only one issue, i.e., whether Plaintiff Miller's Arbitration Agreement with Aya is valid and enforceable. Fasano Decl., ¶ 5; Ex. 2. After Plaintiff Miller initiated the arbitration, the Parties submitted written briefs to the Arbitrator regarding Plaintiff Miller's unconscionability challenge to the Arbitration Agreement. Fasano Decl., ¶ 7. From the time that Plaintiff Miller initiated the arbitration through the arbitration

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONFIRM MILLER ARBITRATION DECISION AND MAINTAIN STAY OF COURT ACTION

122757-00000040/8198402.5                                   CASE NO. 22CV1151 BEN BLM

hearing date, Aya timely paid all arbitration fees that were invoiced by the AAA and necessary to continue to the arbitration, including an invoice estimating fees for the Arbitrator to review the Parties' briefs and conduct the arbitration hearing. *Id.*, ¶ 9; Ex. 5. On March 11, 2024, the Parties' participated in the arbitration hearing on the sole issue before the Arbitrator. Fasano Decl., ¶ 7. On March 19, 2024, the Arbitrator issued her Decision finding the Arbitration Agreement to be valid and enforceable. *Id.*, ¶ 8; Ex. 4. Two days later, the AAA issued the Final Arbitration Invoice. *Id.*, ¶ 9; Ex. 6.

Significantly, at the time the AAA served the Final Arbitration Invoice, the arbitration hearing was complete and the Arbitrator had already issued her Decision. *Id.*, ¶ 8; Ex. 4. Moreover, the Arbitrator's Decision was "final," in accordance with California law and the AAA Rules, by the time the Final Arbitration Invoice became due 30 days later. Cal. Code Civ. Proc. § 1284; AAA Rules, Rule 40.[4] Given that the only issue before the Arbitrator had been fully and finally resolved, the arbitration was complete and the fees reflected in the Final Arbitration Invoice were simply not "required to continue the arbitration proceeding." Cal. Code Civ. Proc. § 1281.98. For these reasons, Aya submits that Plaintiff Miller's reliance on Section 1281.98 is entirely misplaced.

As the Court explained in *Gallo*, the California Legislature's enactment of 1281.98 "was aiming to solve a very specific problem—namely, the '"procedural limbo and delay"' that employees face when they are '"forced to submit to mandatory arbitration to resolve a[ ] ... dispute,"' and the employer then '"stalls or obstructs the arbitration proceeding by refusing to pay the required fees."' *Gallo*, 81 Cal.App.5th

---

[4] AAA Rules, Rule 40 states, "[w]ithin 20 days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator to correct any clerical, typographical, technical, or computational errors in the award.…The other parties shall be given 10 days to respond to the request. The arbitrator shall dispose of the request within 20 days after transmittal by the AAA to the arbitrator of the request and any response thereto. If applicable law requires a different procedural time frame, that procedure shall be followed." ADR Rules, Rule 40, https://www.adr.org/sites/default/files/EmploymentRules_Web_2.pdf.

at 634.  Here, there is no evidence whatsoever that Aya delayed in paying fees in order to stall the arbitration proceeding.  To the contrary, the undisputed evidence shows that Aya paid all fees necessary to continue the arbitration proceeding, including an estimate of fees invoiced prior to the arbitration hearing.  Because the fees reflected in the Final Arbitration Invoice were not required to continue the arbitration, Aya has not materially breached the Arbitration Agreement under Section 1281.98 and Plaintiff Miller's argument fails as a matter of law.

### C. The Court Must Maintain the Stay of Litigation.

When a dispute is determined to be subject to arbitration and a party has requested a stay of the court proceedings pending arbitration, the Court must stay the proceedings under the FAA.  9 U.S.C. § 3; *Smith v. Spizziri,* 144 S.Ct. 1173, 1176-78 (2024).  Section 3 of the FAA specifically states that the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."  9 U.S.C. § 3.  The United States Supreme Court recently confirmed that a stay pursuant to Section 3 is mandatory upon proper application of a party.  *Smith*, 144 S.Ct. at 1176-77.

Here, Arbitrator Eskeridge has issued her final Decision finding that the Parties' Arbitration Agreement is valid and enforceable.  Thus, Plaintiff Miller is bound by the Arbitration Agreement that she entered into with Aya and must submit any individual state and federal wage and hour claims asserted in this lawsuit to arbitration. Moreover, as explained at length above, Aya is not in default with respect to Plaintiff Miller's anticipated arbitration on her individual state and federal wage and hour claims, which have never been raised in an arbitral forum.  Accordingly, the Court must stay this litigation pursuant to Section 3 of the FAA until the anticipated arbitration of Plaintiff Miller's individual state and federal wage and hour claims is complete.

## IV. CONCLUSION

For the reasons stated herein, Aya respectfully requests that this Court (1) confirm the Arbitration Decision, dated March 19, 2024; (2) order Plaintiff Miller to submit her individual claims against Aya to arbitration consistent with the Arbitrator's Decision; and (3) maintain the stay of litigation pending resolution of Plaintiff Miller's claims against Aya in arbitration.

DATED: June 17, 2024

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ Marie Burke Kenny
Marie Burke Kenny
Ashley N. Fasano
Attorneys for Defendant Aya Healthcare, Inc.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONFIRM MILLER ARBITRATION DECISION AND MAINTAIN STAY OF COURT ACTION
122757-00000040/8198402.5                                         CASE NO. 22CV1151 BEN BLM