Marie Burke Kenny (Bar No. 183640)
E-mail: marie.kenny@procopio.com
Ashley N. Fasano (Bar No. 324949)
E-mail: ashley.fasano@procopio.com
PROCOPIO, CORY, HARGREAVES &
 SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Defendant Aya Healthcare, Inc.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA O'DELL, HANNAH BAILEY, HOLLY ZIMMERMAN, and LAUREN MILLER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AYA HEALTHCARE, INC.,<br><br>Defendant. | Case No. 22CV1151 BEN BLM<br><br>**DEFENDANT AYA HEALTHCARE, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONFIRM BAILEY ARBITRATION DECISION AND MAINTAIN STAY OF COURT ACTION**<br><br>Date:     July 15, 2024<br>Time:    10:30 a.m.<br>Dept:     5A<br>Judge:   Hon. Roger T. Benitez<br><br>Complaint Filed: August 4, 2022<br>Trial Date:     None set |

## I. INTRODUCTION

Defendant Aya Healthcare, Inc. ("Aya") respectfully requests that this Court confirm the arbitration award finding that Plaintiff Hannah Bailey's ("Plaintiff Bailey")[1] Arbitration Agreement is valid and enforceable, compel Plaintiff Bailey to submit her individual claims against Aya to arbitration, and maintain the stay of litigation pending resolution of Plaintiff Bailey's underlying claims against Aya in arbitration.

On April 4, 2024, the Honorable Howard R. Broadman (the "Arbitrator") issued an "Order Finding Arbitration Agreement Is Not Unconscionable" (the "Arbitration Decision" or "Decision") finding that Plaintiff Bailey's Arbitration Agreement with Aya is valid and enforceable. Declaration of Ashley N. Fasano ("Fasano Decl."), ¶ 8, Exhibit ("Ex.") 4. The Arbitration Decision was properly rendered by the Arbitrator pursuant to the binding Delegation Clause in the Parties' Arbitration Agreement, which requires that any disputes regarding the interpretation and enforceability of the Arbitration Agreement be resolved in arbitration. *See generally,* Order, ECF No. 64.

Aya now moves this Court to confirm the Arbitrator's Decision finding that Plaintiff Bailey's Arbitration Agreement is valid and enforceable for the following reasons: (1) the Court has jurisdiction to confirm the Decision pursuant to Section 9 of the Federal Arbitration Act ("FAA"); (2) this Motion to confirm the Arbitration Decision was timely filed; and (3) no grounds exist to deny confirmation of the Arbitration Decision. Judicial review of an arbitration award is both limited and deferential. Thus, unless the award is vacated, modified, or corrected, the Court "must grant" a petition to confirm an arbitration award. *See* 9 U.S.C. § 9; *Coutee v. Barrington Capital Group*, L.P., 336 F.3d 1128, 1132 (9th Cir. 2003). Aya respectfully submits that no grounds exist to vacate, modify or correct the Arbitration Decision. Thus, the Decision must be confirmed by the Court.

/ / /

---

[1] Aya and Plaintiff Bailey are referred to collectively herein as the "Parties."

## II. PROCEDURAL HISTORY

### A. The Court Compelled the Parties to Arbitration.

On or about February 28, 2022, Aya and Plaintiff Bailey entered into an Arbitration Agreement, which provided that any dispute arising from Plaintiff Bailey's employment with Aya would be submitted to binding arbitration. Fasano Decl., ¶ 4, Ex. 1. Plaintiff Bailey further agreed not to pursue any claims covered by her Arbitration Agreement on a class or collective basis. *Id.*

On August 4, 2022, Plaintiffs Laura O'Dell, Holly Zimmerman, and Plaintiff Bailey filed a class, collective, and representative action complaint ("Complaint") against Aya. Plaintiff's Compl., ECF No. 1. Thereafter, on September 27, 2022, Plaintiff Bailey, along with her co-plaintiffs, filed the operative First Amended Complaint ("FAC") alleging state and federal wage and hour claims against Aya arising from Aya's alleged unlawful reduction of hourly pay rates during employment. Plaintiff's First Amend. Compl., ECF No. 15. The FAC also added a fourth plaintiff, Lauren Miller, to the lawsuit. *Id.* The Parties' met and conferred regarding Plaintiff Bailey's binding Arbitration Agreement. Fasano Decl., ¶ 3. Plaintiff Bailey nonetheless refused to dismiss her class and collective action claims and submit her individual claims to arbitration. *Id.* Accordingly, on October 7, 2022, Aya was forced to file its Motion to Compel Arbitration ("Motion to Compel"). Motion to Compel, ECF No. 21.

Plaintiff Bailey opposed Aya's Motion to Compel on the grounds that Aya concealed the fact that it intended to modify her agreed upon pay rate mid-contract. Order, 3:17-20, ECF No. 64. The Court found Plaintiff Bailey's argument unpersuasive and held, in pertinent part, that (1) Plaintiff Bailey voluntarily consented to the arbitration agreement; and (2) Aya's alleged misrepresentation regarding Plaintiff Bailey's pay rate did not relate to her separately executed arbitration agreement. *See generally,* Order, ECF No. 64. The Court further held that the delegation clause in the arbitration agreements expressly delegated authority to the

arbitrator to decide "threshold issues of validity and enforceability." Order, 7:14-16, ECF No. 64. Thus, because Plaintiff Bailey failed to raise any challenge to the formation or validity of the delegation clause, the Court lacked authority to decide issue of arbitrability under the terms of the agreement. *Id.* On or about April 27, 2023, the Court granted Aya's Motion to Compel, in part, and ordered the parties to arbitration as to the arbitrability of Plaintiff Bailey's claims against Aya. *See generally,* ECF No. 64. The Court stayed the ligation pending resolution of Plaintiff Bailey's challenges to the enforceability of the Parties' Arbitration Agreement in arbitration. *Id.*

### B. The Arbitrator Determined Plaintiff Bailey's Arbitration Agreement Was Not Unconscionable.

Pursuant to the Court's Order, on June 7, 2023, Plaintiff Bailey filed a Demand for Arbitration ("Demand") before the American Arbitration Association ("AAA") in San Diego. *See* Fasano Decl., ¶ 5, Ex. 2. Plaintiff Bailey's Demand sought relief in arbitration *only* as to the threshold issue of whether the Parties' Arbitration Agreement is enforceable. *Id.* Specifically, Plaintiff Bailey sought to invalidate the Parties' Arbitration Agreement on the grounds that it is unconscionable and fraudulently induced.[2] *Id.* The Demand did not seek relief as to any of the state and federal wage and hour claims Plaintiff Bailey asserted against Aya in her FAC. After the Parties completed the rank and strike process for arbitrator selection pursuant to the AAA Employment Arbitration Rules and Mediation Procedures ("AAA Rules), the AAA appointed Hon. Howard R. Broadman (the "Arbitrator") as the arbitrator. Fasano Decl., ¶ 6; Ex. 3.

On February 13, 2024, Plaintiff Bailey filed a Brief on Unconscionability, which was opposed by Aya. Fasano Decl., ¶ 7. In her brief, Plaintiff Bailey argued that her Arbitration Agreement was both procedurally and substantively

---

[2] Before the Parties' proceeded with briefing on these issues in arbitration, Plaintiff Bailey withdrew her fraudulent inducement claim. Fasano Decl., ¶ 5. Accordingly, the only issue before the Arbitrator was whether the Parties' Arbitration Agreement is unconscionable.

unconscionable. *Id.* Aya opposed on the grounds that the Arbitration Agreement is not unconscionable. *Id.* To the extent the Arbitrator were to find any element of unconscionability, Aya argued that such provisions should be severed and the remainder of the Arbitration Agreement should be enforced in accordance with the longstanding federal and California public policies favoring enforcement of arbitration agreements. *Id.* On April 4, 2024, the Arbitrator conducted the arbitration hearing on Plaintiff Bailey's unconscionability challenges. *Id.*

On April 4, 2024, the Arbitrator issued his final Decision finding: (1) Plaintiff Bailey's Arbitration Agreement was valid and enforceable; (2) there was a minimal degree of procedural unconscionability; and (3) there was "no degree of substantive unconscionability in the Arbitration Agreement because the Agreement [was] not unfairly one-sided, includes all required elements pursuant to *Armendariz*, and incorporates savings clauses where appropriate." Fasano Decl., ¶ 8, Ex. 4.

## III. ARGUMENT

### A. The Court Must Confirm the Arbitrator's Decision.

Section 9 of the FAA provides that the Court "must grant" a petition to confirm an arbitration award if it is properly brought before the Court within one year of the date of the award. 9. U.S.C. § 9; *Hall Street Assoc., LLC v. Mattel, Inc.*, 128 S.Ct. 1396, 1405 (2008) ("provision for judicial confirmation carries no hint of flexibility…[t]here is nothing malleable about 'must grant'"). The Court may only decline to confirm an award in "extremely limited" circumstances where the party opposing confirmation establishes one of the statutory bases for vacating, modifying, or correcting the award. *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997-98 (9th Cir. 2003) ("the court must grant such an order unless the award is vacated, modified, or corrected"). As explained further below, Aya respectfully submits the instant petition to confirm is timely and there are no grounds to vacate, correct, or modify the Arbitrator's Decision. Accordingly, the Decision must be confirmed.

Here, the Arbitrator rendered his Decision on April 4, 2024. Aya filed this Motion to Confirm the Arbitration Decision within three months of the Arbitrator's Decision, and well within the one-year time limitation. Therefore, Aya's request to confirm the Arbitration Decision is timely.

Moreover, there are no grounds whatsoever for the Court to decline to confirm the Decision under the FAA. "[C]onfirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Romero v. Citibank USA, Nat'l Assoc.*, 551 F. Supp.2d 1010, 1014 (E.D.Cal. 2008). As the Ninth Circuit has repeatedly explained, judicial review of an arbitration decision is "both limited and highly deferential." *Coutee*, 336 F.3d at 1132; *Kyocera Corp.*, 341 F.3d at 998; *see also Phoenix Newspapers, Inc. v. Phoenix Mailers Union Local 752*, 989 F.2d 1077, 1080 (9th Cir. 1993). The reviewing court may only decline to confirm an award where the party opposing confirmation has established one of the statutory bases for vacating, modifying, or correcting the award. *See* 9 U.S.C. § 9; *Coutee*, 336 F.3d at 1132.

More specifically, the United States Supreme Court and the Ninth Circuit have held that Section 10 of the FAA provides the exclusive grounds for expedited vacatur of an arbitration award. *Hall Street Assoc.*, 128 S. Ct. at 1403; *Kyocera Corp.*, 341 F.3d at 1000. Therefore, an arbitration award may only be vacated on four limited grounds: (1) corruption or fraud in the procurement of the award; (2) partiality or corruption by the arbitrators; (3) misconduct by the arbitrators which prejudices one party; and (4) arbitration in excess of the arbitrator's powers. 9 U.S.C. § 10(a); *see Kyocera Corp.*, 341 F.3d at 997. Section 11 of the FAA provides limited grounds for correction or modification of the award where (1) there is an evidence miscalculation or material mistake in the award; (2) the arbitrator ruled on a matter not submitted to the arbitrator that does not affect the merits of the decision upon the matter properly ruled upon; or (3) the form of the award is imperfect. 9 U.S.C. § 11(a)-(c).[3]

---

[3] Importantly, Plaintiff Bailey bears the burden of proving that the statutory grounds for vacatur,

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONFIRM BAILEY ARBITRATION DECISION AND MAINTAIN STAY OF COURT ACTION

122757-00000040/8197797.3                                                                                              CASE No. 22CV1151 BEN BLM

Here, there are no grounds to vacate, correct, or modify the Arbitration Decision pursuant to the foregoing standards. Hon. Broadman was a neutral arbitrator appointed through a duly authorized rank and strike process pursuant to the AAA arbitration rules. There is no evidence of fraud, corruption of misconduct by the Arbitrator. Moreover, the Decision is not in excess of the arbitrator's authority. To the contrary, the Arbitrator issued his Decision pursuant to the authority conferred upon him by the Delegation Clause of the Arbitration Agreement and this Court's Order. *See,* Order, ECF No. 64. The Arbitrator engaged in a well-reasoned examination of the Parties' Arbitration Agreement, as well as the evidence and arguments submitted by the Parties, in order to reach his conclusion that the Arbitration Agreement is valid and enforceable.

For the reasons explained above, the Court must confirm the Arbitrator's Decision finding that Aya's Arbitration Agreement with Plaintiff Bailey is valid and enforceable and compel Plaintiff Bailey to arbitrate her individual claims against Aya consistent with the Arbitration Decision.

### B.     The Court Must Maintain the Stay of Litigation.

When a dispute is determined to be subject to arbitration and a party has requested a stay of the court proceedings pending arbitration, the Court must stay the proceedings under the FAA. 9 U.S.C. § 3; *Smith v. Spizziri,* 144 S.Ct. 1173, 1176-78 (2024). Section 3 of the FAA specifically states that the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. The United States Supreme Court recently confirmed that a stay pursuant to Section 3 is mandatory upon proper application of a party. *Smith*, 144 S.Ct. at 1176-77.

Here, the Arbitrator has issued his final Decision finding that the Parties'

---

modification, or correction exist on an affirmative motion to the Court. 9 U.S.C. § 10. To date, Plaintiff Bailey has not filed any such motion with the Court.

Arbitration Agreement is valid and enforceable. Thus, Plaintiff Bailey is bound by the Arbitration Agreement that she entered into with Aya and must submit any individual state and federal wage and hour claims asserted in this lawsuit to arbitration. Moreover, Aya is not in default with respect to Plaintiff Bailey's anticipated arbitration on her individual state and federal wage and hour claims, which have never been raised in an arbitral forum. Accordingly, the Court must stay this litigation pursuant to Section 3 of the FAA until the anticipated arbitration of Plaintiff Bailey's individual state and federal wage and hour claims is complete.

## IV.  CONCLUSION

For the reasons stated herein, Aya respectfully requests that this Court (1) confirm the Arbitration Decision, dated April 4, 2024; (2) order Plaintiff Bailey to submit her individual claims against Aya to arbitration consistent with the Arbitrator's Decision; and (3) maintain the stay of litigation pending resolution of Plaintiff Bailey's claims against Aya in arbitration.

DATED: June 14, 2024

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/Marie Burke Kenny
Marie Burke Kenny
Ashley N. Fasano
Attorneys for Defendant Aya Healthcare, Inc.

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONFIRM BAILEY ARBITRATION DECISION AND MAINTAIN STAY OF COURT ACTION

122757-00000040/8197797.3                                    CASE NO. 22CV1151 BEN BLM