# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA O'DELL, HANNAH BAILEY, HOLLY ZIMMERMAN, and LAUREN MILLER, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>AYA HEALTHCARE, INC.,<br><br>　　　　　　　　　　Defendant. | Case No.: 22cv1151-CAB-MMP<br><br>**ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD [Doc. No. 82]** |

Pending before the Court is the following motion:

■ Motion to Confirm Hannah Bailey Arbitration Decision [Doc. No. 82].

The motion has been fully briefed. A hearing was held regarding this motion on August 23, 2024. George A. Hanson, Esq., Jason Lindner, Esq. and Kenneth Merrill, Esq. appeared on behalf of Plaintiff Bailey. Julia Koechley, Esq. and Kevin Allen, Esq. (via telephone) appeared on behalf of Defendant Aya Healthcare, Inc. For the reasons stated at the hearing and as set forth below, the Court rules as follows:

■ Motion to Confirm Hannah Bailey Arbitration Decision [Doc. No. 82] – **GRANTED**.

Pursuant to the Federal Arbitration Act ("FAA"), "if a party seeks a judicial order confirming an arbitration award, 'the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 [vacatur] and 11 [modification]'" of the FAA. *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341

F.3d 987, 997 (9th Cir. 2003) (citing 9 U.S.C. § 9) (emphasis added); *see also* Cal. Code Civ. P. § 1285 ("Any party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award."). The grounds on which a court may take any action other than confirmation of an arbitration award are "extremely limited." *Kyocera*, 341 F.3d at 998. Those grounds include "to correct a technical error, to strike all or a portion of an award pertaining to an issue not at all subject to arbitration, and to vacate an award that evidences affirmative misconduct in the arbitral process or the final result or that is completely irrational or exhibits a manifest disregard for the law." *Kyocera*, 341 F.3d at 997-98; *see also* Cal. Code Civ. P. §§ 1286, 1286.2, 1286.4, 1286.6.

No such grounds exist here. Accordingly, the Court confirms the Arbitration Award finding that Aya's Arbitration Agreement is valid and enforceable against Plaintiff Bailey.

**IT IS FURTHER ORDERED** that Plaintiff Hannah Bailey is **HEREBY DISMISSED** from this action, without prejudice to pursuing her claims against Defendant in arbitration.

**IT IS SO ORDERED.**

Dated: August 26, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge