# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA O'DELL, HANNAH BAILEY, HOLLY ZIMMERMAN, and LAUREN MILLER, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>AYA HEALTHCARE, INC.,<br><br>          Defendant. | Case No.: 22cv1151-CAB-MMP<br><br>**ORDER:(1) GRANTING MOTIONS TO CONFIRM ARBITRATION AWARD AND LIFT STAY [Doc. Nos. 76 and 78]; AND (2) DENYING MOTIONS TO VACATE ARBITRATION AWARDS [Doc. Nos. 79 and 80]** |

Pending before the Court are the following motions:

- ■ Motion to Confirm Plaintiff Zimmerman's Arbitration Award and Lift Stay of Her Claims [Doc. No. 76];
- ■ Motion to Confirm Plaintiff O'Dell's Arbitration Award and Lift Stay of Her Claims [Doc. No. 78];
- ■ Motion to Vacate Zimmerman Arbitration Award [Doc. No. 79];
- ■ Motion to Vacate O'Dell Arbitration Award [Doc. No. 80].

All motions have been fully briefed. A hearing was held regarding these motions on August 23, 2024. George A. Hanson, Esq., Jason Lindner, Esq. and Kenneth Merrill, Esq. appeared on behalf of Plaintiffs Zimmerman and O'Dell. Julia Koechley, Esq. and Kevin Allen, Esq. (via telephone) appeared on behalf of Defendant Aya Healthcare, Inc. For the reasons stated at the hearing and as set forth below, the Court rules as follows:

- Motion to Confirm Plaintiff Zimmerman's Arbitration Award and Lift Stay of Her Claims [Doc. No. 76]--**GRANTED**; Motion to Confirm Plaintiff O'Dell's Arbitration Award and Lift Stay of Her Claims [Doc. No. 78] -- **GRANTED**.

Pursuant to the Federal Arbitration Act ("FAA"), "if a party seeks a judicial order confirming an arbitration award, 'the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 [vacatur] and 11 [modification]'" of the FAA. *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (citing 9 U.S.C. § 9) (emphasis added); *see also* Cal. Code Civ. P. § 1285 ("Any party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award."). The grounds on which a court may take any action other than confirmation of an arbitration award are "extremely limited." *Kyocera*, 341 F.3d at 998. Those grounds include "to correct a technical error, to strike all or a portion of an award pertaining to an issue not at all subject to arbitration, and to vacate an award that evidences affirmative misconduct in the arbitral process or the final result or that is completely irrational or exhibits a manifest disregard for the law." *Kyocera*, 341 F.3d at 997-98; *see also* Cal. Code Civ. P. §§ 1286, 1286.2, 1286.4, 1286.6.

No such grounds exist here. The Arbitrator was neutral, the parties were afforded opportunities to submit evidence and their arguments, and the Arbitrator issued a thorough and well-reasoned decision on an issue that was recognized by both this Court and the parties to be within the scope of his jurisdiction. Accordingly, the Court confirms the Arbitrator Arbitration Award finding that Aya's Arbitration Agreement with Plaintiff was procedurally and substantively unconscionable, and thus her claims in the present litigation are not arbitrable.

- Motion to Vacate O'Dell Arbitration Award [Doc. No. 80] --**DENIED**; Motion to Vacate Zimmerman Arbitration Award [Doc. No. 79] -- **DENIED**. See above.

**IT IS FURTHER ORDERED** that Defendant shall respond to the complaint as to Plaintiffs O'Dell and Zimmerman by **September 20, 2024**.

**IT IS FURTHER ORDERED** the parties shall jointly contact Magistrate Judge Michelle M. Pettit to arrange for a scheduling conference.

**IT IS SO ORDERED.**

Dated:  August 26, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge