UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA O'DELL, HANNAH BAILEY, HOLLY ZIMMERMAN, and LAUREN MILLER, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>v.<br><br>AYA HEALTHCARE, INC.,<br><br>                              Defendant. | Case No.: 22cv1151-CAB-MMP<br><br>**ORDER: (1) DENYING MOTION TO CONFIRM ARBITRATION AWARD [Doc. No. 81]; AND (2) GRANTING IN PART MOTION TO LIFT STAY, AWARD FEES AND COSTS, AND IMPOSE SANCTIONS [Doc. No. 107]** |

On June 17, 2024, Defendant Aya Healthcare, Inc. ("Defendant" or "Aya") filed a motion to confirm Lauren Miller Arbitration Award.  [Doc. No. 81.]  On August 19, 2024, Plaintiff Lauren Miller ("Plaintiff") filed a motion to lift stay, award fees and costs, and impose sanctions. [Doc. No. 107.]  Both motions have been fully briefed.  For the reasons set forth below, Defendant's motion to confirm the arbitration award is **DENIED** and Plaintiff's motion to lift stay, award fees and costs and impose sanctions is **GRANTED IN PART**.

## BACKGROUND

On September 27, 2022, Plaintiffs Laura O'Dell, Hannah Bailey, Holly Zimmerman, and Lauren Miller ("Plaintiffs") filed a First Amended Class and

1

Collective Action Complaint against Defendant Aya Healthcare Inc. alleging that Aya engaged in a bait-and-switch scheme by cutting its travel nurses' pay rates mid-contract, after they had incurred expenses to travel to a new location (often out-of-state). [Doc. No. 15, ¶¶ 15-31.] Plaintiffs also alleged that for travel employees who worked more than 40 hours in a workweek (or 8 hours in a workday), Aya miscalculated their rates of overtime pay by improperly categorizing significant portions of their compensation as "stipends" (*i.e.*, expense reimbursement) and then excluding the value of those stipends from their "regular rate" of pay when compensating overtime hours, in violation of the FLSA and state law. *Id*. ¶¶ 78-97; 179-88. Plaintiffs thus asserted 13 causes of action against Aya arising out of common law, several California statutes, and the FLSA. *Id*. ¶¶ 109-154, 161-188, 194-234.

In response to Plaintiffs' complaint, Aya moved to Compel Arbitration and Dismiss Court Action. [Doc. No. 21 ("Motion to Compel").] After full briefing from the parties, the Court granted Aya's Motion to Compel in part, finding that Plaintiffs did not adequately challenge the delegation clause and "[b]ased on the language of the Delegation Clause in the Arbitration Agreement, the Court cannot decide threshold issues of validity and enforceability and therefore, compels arbitration on the arbitrability of Plaintiffs' claims." [Doc. No. 64, at 7.] Further, "[i]n the interest of justice and in order to avoid duplicative proceedings," the Court granted a stay of the Plaintiffs' claims against Aya, "pending a decision on the arbitrability of Plaintiffs' claims." *Id.*

Plaintiff Miller filed a Demand for Arbitration before the American Arbitration Association ("AAA") in San Diego on June 7, 2023. [Doc No. 87-2.] Her Demand related solely to the enforceability of Aya's Arbitration Agreement and asked the Arbitrator to find that the agreement is unenforceable because it (1) was procedurally and substantively unconscionable under California law and/or that (2) Aya fraudulently induced her to enter the purported Agreement. *Id*. at 18. Both parties signed a form agreeing to have AAA administer the dispute and to be bound by the AAA Employment Arbitration Rules.[Doc. No. 87-3.]

In accordance with the AAA arbitrator selection process, Gayle Eskridge was assigned as the Arbitrator. [Doc. No. 107-2, Declaration of J. Austin Moore ("Moore Dec.") ¶ 8.] Plaintiff Miller informed the Arbitrator that she only intended to pursue her claim that her Arbitration Agreement with Aya was procedurally and substantively unconscionable under California law. [Doc. No. 87-5, at 4.]  After briefing from the parties and a hearing, Arbitrator Eskridge rendered her decision on March 19, 2024. [Moore Dec. ¶¶ 10-12.] She found that Aya's Arbitration Agreement had three procedurally unconscionable provisions—the mediation cost provision, the arbitration cost provision, and the venue provision—but held those provisions could be severed and the remainder of the Agreement was enforceable. [Doc. No. 87-5.]

Two days later, on March 21, 2024, the AAA case manager for the arbitration sent correspondence to the parties stating as follows: "We have received the Arbitrator's final invoice and it exceeds the amount estimated and requested. Therefore, we are at this time, requesting an additional $11,525.00 to cover for the arbitrator's compensation for time incurred." [Doc. No. 87-6, at 5-6.] The invoice further stated: "Payment is due upon receipt of this letter and attached invoice … As this arbitration is subject to *California Code of Civil Procedure 1281.98*, payment must be paid by 30 days from the date of this letter. Pursuant to California Code of Civil Procedure 1281.98, the AAA cannot grant any extensions to this payment deadline unless agreed upon by all parties." *Id*. at 5 (emphasis in original).

On May 16, 2024—56 days from the date of the Arbitrator's invoice—the AAA case administrator sent the parties another email stating: "This will confirm that we have not received the payment in the amount of $11,525.00 for Arbitrator's Compensation requested and invoiced in our letter dated March 21, 2024." [Doc. No. 87-7, at 2-3.] It continued: "Pursuant to CA CCP 1281.98, AAA requests Claimant to review the relevant section of the statute and provide a response on how they wish to proceed." *Id*. at 2. Plaintiff did so that same day, informing the AAA that "pursuant to CCP § 1281.98(b)(1), Claimant Miller elects to withdraw the claim from arbitration and proceed in a court of

appropriate jurisdiction." *Id*. Thereafter, the AAA issued a letter dated May 17, 2024 closing the matter. [Doc No. 87-8, at 3-4.]

On June 3, 2024, the parties jointly filed a Status Report updating the Court regarding the status of the Miller Arbitration. [Doc. No. 77.] It informed the Court that Aya had failed to pay its arbitration fees and that the AAA terminated the arbitration. The report noted that "Plaintiff Miller intends to move this Court or another court of competent jurisdiction to hear her claim on the basis that Aya materially breached the parties' agreement to arbitrate under the AAA Employment Rules and pursuant to California Code of Civil Procedure § 1281.98(b)(1)." *Id*.

On June 18, Aya filed a Motion to Confirm Miller Arbitration Decision and Maintain Stay of Court Action, arguing that because the arbitration award had already been issued, Aya's payment of the outstanding invoice was not necessary to "continue the arbitration," thus rendering CCP § 1281.98 inapplicable. [Doc. No. 81-1, at 7-10.] Aya also argues that CCP § 1281.98 is preempted by the FAA. [Doc. No. 96 at 7-14.] Plaintiff Miller thereafter filed an opposition brief [Doc. No. 87 at 9-17] and, later, a Motion to Lift Stay, Award Fees and Costs, and Impose Sanctions [Doc. No. 107].

DISCUSSION

A.  Motion to Confirm Arbitration Award; Motion to Lift Stay.

Defendant seeks to confirm the arbitrator's award, notwithstanding its failure to timely pay the arbitrator's invoice.  Plaintiff contends Defendant waived its right to compel arbitration when it materially breached the parties' arbitration agreements under Cal. Code Civ. Proc. §1281.98 by failing to timely pay the balance due for the Miller arbitration.

Section 1281.98 provides:

(a) In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration provider, that the drafting party pay certain fees and costs during the pendency of an arbitration proceeding, if the fees or costs required to continue the arbitration proceeding are not paid within 30 days after the due

4

> date, the drafting party is in material breach of the arbitration agreement, is
> in default of the arbitration, and waives its right to compel the employee or
> consumer to proceed with that arbitration as a result of the material breach.
> (b) If the drafting party materially breaches the arbitration agreement and is
> in default under subdivision (a), the employee or consumer may unilaterally
> elect to ... [w]ithdraw the claim from arbitration and proceed in a court of
> appropriate jurisdiction."

Cal. Code Civ. Proc.§ 1281.98.

Defendant does not dispute it did not pay the $11,525.00 invoice within 30 days of its due date. Rather, Defendant contends that Section 1281.98 does not apply because the arbitration was not "continuing" at the time it defaulted on its payment obligations. [Doc. No. 122 at 12-14.] However, that argument is not persuasive, as the invoice was for the time the arbitrator spent in coming to her decision, and the arbitration clearly was "continuing" at the time of Defendant's default. After Defendant defaulted, AAA notified Plaintiff of her options and, once notified of Plaintiff's choice to return to court, terminated the arbitration pursuant to its rules. Given that the parties agreed to conduct the arbitration in accordance with AAA rules, the Court must defer to AAA's determination to terminate the arbitration due to Defendant's default. *See Waters v. Vroom, Inc.*, 2023 WL 187577, at *3 (S.D. Cal. Jan. 13, 2023)("Because Defendants expressly agreed to be bound by the AAA Consumer Arbitration Rules, they cannot now complain of their enforcement.") Therefore, the arbitration was "continuing" at the time of Defendant's default and Section 1281.98 applies.

Defendant also argues Cal. Code Civ. Proc. §1281.98 is preempted by Section 2 of the Federal Arbitration Act ("FAA") because it violates the "equal treatment" principle and is "hostile" to arbitration. [Doc. No. 96 at 7-11.] However, the FAA contains "no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 477 (1989) (citation omitted). Thus, the "FAA sits atop state law—it does not wholly displace it," *Nyerges v. Pac. Sunwear of California, LLC*, 2022 WL 20717551, at *2 (C.D. Cal. July 6, 2022) (citation omitted), unless it "'stands as an

obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Volt*, 489 U.S. at 477 (citation omitted). The "'principal purpose'" of the FAA is to ensure that "'private arbitration agreements are enforced according to their terms.'" *Keeton v. Tesla, Inc.*, 103 Cal.App.5th 26, 34-35 (2024) (quoting *Volt*, 489 U.S. at 478).

Here, Aya's Arbitration Agreement provided that the parties were to arbitrate under the California Arbitration Act ("CAA"), which includes section 1281.98 of the California Code of Civil Procedure. Where parties agree to arbitrate under the CAA, "[a]pplying [section 1281.98] . . . does not interfere with the FAA's first goal of honoring the parties' intent." *Gallo v. Wood Ranch, USA, Inc.*, 81 Cal. App. 5th 621, 642 (2022); *see also Keeton*, 103 Cal. App. 5th at 40 (section 1281.98 not preempted where parties agreed to arbitrate under the CAA and those rules "are consistent with the FAA's objectives").[1]

See, also, *Agerkop v. Sisyphian LLC*, 2021 WL 1940456, at *5 (C.D. Cal. 2021) (Section 1281.98 is "consistent with the purpose of the FAA for efficient and expeditious resolution of claims by dis-incentivizing employers from delaying adjudication in arbitration by refusing to pay required arbitration fees."); *c.f. Postmates Inc. v. 10,356 Individuals*, 2021 WL 540155, at *7 (C.D. Cal. Jan. 19, 2021) (explaining that section 1281.97 is "pro-arbitration because it makes arbitration more effective and efficient"); *Costa v. Melikov*, 2022 WL 18228248, at *4 (C.D. Cal. Oct. 21, 2022) (agreeing with "thorough and sound reasoning" of other federal district courts finding that 1281.97 is not subject to obstacle preemption). Accordingly, Section 1281.98 is not preempted by the FAA.

---

[1] The cases cited by Defendant on this issue, including the recent case of *Burgos v. Citibank*, *N.A.*, 2024 W.L. 3875775 (N.D. Cal. Aug. 16, 2024), involve arbitration agreements that did not incorporate the CAA and, therefore, are not dispositive.

Pursuant to California Code of Civil Procedure Section 1281.98(a), the Court finds that Defendant, as the drafting party, materially breached the arbitration agreement as to Plaintiff Miller when it failed to timely pay the arbitration dues, is now in default of the arbitration, and waives its right to further compel arbitration. As a result, Plaintiff Miller may now exercise her unilateral right to withdraw her claims from arbitration and proceed with her claims before this Court pursuant to Code of Civil Procedure Section 1281.98(b).  Accordingly, Defendant's motion to confirm the arbitration award is **DENIED** and Plaintiff's motion to lift the stay is **GRANTED**.

B. Attorneys' Fees.

Plaintiff seeks attorneys' fees of $137,966.27 and costs of $1,206.27, pursuant to California Code of Civil Procedure Section1281.99(a), which states:

> The court shall impose a monetary sanction against a drafting party that materially breaches an arbitration agreement pursuant to subdivision (a) of Section 1281.97 or subdivision (a) of Section 1281.98, by ordering the drafting party to pay the reasonable expenses, including attorney's fees and costs, incurred by the employee or consumer as a result of the material breach.

Code of Civil Procedure §1281.99(a).

As discussed above, the Court has determined that Defendant violated Section 1281.98 when it materially breached the arbitration agreement by failing to timely pay the arbitrator's invoice.  Therefore, pursuant to Section 1281.99(a), "an award of fees is mandatory." *Costa v. Melikov,* 2022 WL 18228248, at *3 (C.D. Cal. Oct. 21, 2022).

Defendant argues that the Court is only mandated to award fees incurred after April 21, 2024 (the date Defendant defaulted on the arbitration dues), and that an award of fees incurred prior to that date would be discretionary.  [Doc. No. 122 at 15 – 21.] Regardless of whether the award of fees is discretionary or mandatory, the Court finds the entire amount of fees requested by Plaintiff to be appropriate as, due to Defendant's default, the entire arbitration process became an exercise in

futility. In addition, the Court finds that counsel's and staff's hourly rates as reflected in the declaration are reasonable, and that the work performed was also reasonable under the circumstances.  Therefore, Plaintiff's request for attorneys' fees of $137,966.27 and costs of $1,206.27 is **GRANTED** pursuant to CCP §§ 1298 and 1281.99(a).

C. Other Sanctions.

Plaintiff also seeks discretionary evidentiary and other sanctions pursuant to CCP §1281.99(b), which authorizes, but does not require, courts to issue evidence, terminating, or other contempt sanctions for violations of section 1281.98.  *Nyerges*, 2022 WL 20717551, at *3.  Having reviewed the parties' submissions, the Court, in its discretion, **DENIES** Plaintiff's request for further sanctions pursuant to CCP §1281.99(b).

## CONCLUSION

For the reasons set forth above, the Court **HEREBY ORDERS**:

1. Defendant's motion to confirm Lauren Miller Arbitration Award [Doc. No. 81] is **DENIED**;

2. Plaintiff's motion to lift stay, award fees and costs, and impose sanctions [Doc. No. 107] is **GRANTED IN PART AND DENIED IN PART AS FOLLOWS**:

   a. The motion to lift the stay is **GRANTED**;

   b. The motion to award fees and costs pursuant to CCP §§ 1281.98 and 1281.99(a) is **GRANTED**.  Plaintiff is awarded $137,966.27 in fees and $1,206.27 in costs;

   c. The motion for further sanctions pursuant to CCP §1281.99(b) is **DENIED**.

Dated:  October 15, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge