UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LAURA O'DELL, HOLLY ZIMMERMAN, and LAUREN MILLER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

AYA HEALTHCARE, INC.,

Defendant.

Case No.:  3:22-cv-1151-CAB-MMP

**ORDER REGARDING DEFENDANT'S NOTICE OF APPEAL**

[Doc. No. 219]

This case recently returned to the Court following the Ninth Circuit's mandate.  The Court ordered a joint status report on the parties' suggested next steps given the appellate decision.  [Doc. No. 190.]  The Court subsequently held Defendant's pre-appeal motion to compel arbitration in abeyance, conditionally certified a collective under the Fair Labor Standards Act, and ordered the parties to meet and confer regarding a revised notice and notice process.  [Doc. No. 199; Doc. No. 214-4 at 17.]  No notice has been ordered or distributed.

On May 27, 2026, Defendant filed an *Ex Parte* Motion to Compel Arbitration, Decertify or Reconsider Certification, and for Entry of a Stay.  [Doc. No. 214.]  This *ex parte* motion remains pending.

On June 10, 2026, Defendant filed a Notice of Appeal as to (1) the Court's "oral rulings entered on May 11, 2026, holding [Defendant's] motion to compel arbitration in abeyance and refusing a stay under 9 U.S.C. § 3"; (2) "the written order entered May 12,

2026, partially granting plaintiffs' motion for conditional certification of a collective action"; and (3) "all other orders, rulings, and judgments merged therein." [Doc. No. 219.] Defendant claims that the Court's "orders refusing [Defendant's] request for a stay under Section 3 are appealable as of right under 9 U.S.C. § 16(a)(1)(A)." [*Id.*]

The Court sees no basis for Aya's appeal given that the Court has not denied Aya's motion to compel arbitration or for a stay under 9 U.S.C. § 3. [Doc. No. 214 (Defendant's pending "*Ex Parte* Motion to Compel Arbitration, Decertify or Reconsider Certification, and for Entry of a Stay"); Doc. No. 214-4 at 17 (the Court holding motion to compel arbitration in abeyance).] Nor has the Court certified an interlocutory appeal under 28 U.S.C. § 1292(b).

Following remand from the Ninth Circuit, the Court exercised its "substantial judicial discretion" with respect to "the proper means of managing a collective action[,]" *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678, 684 (9th Cir. 2025), by conditionally certifying a collective and ordering the parties to submit a revised notice and notice plan. This case management decision was based on Defendant's position at the mandate hearing that even if the Court found the arbitration agreement unenforceable against the current Opt-In Plaintiffs, Defendant would move for arbitration each time any additional plaintiff—of the more than 400,000 potential plaintiffs—subsequently opted in to the collective. [Doc. No. 214-4 at 11, ll. 18-19 ("[O]ur position is we are going to be right back here moving to compel those arbitrations as well."); *id.* at 10–11, ll. 19–4.] Ascertaining the full scope of the collective instead allows the Court to efficiently entertain and decide a motion to arbitrate with respect to all possible collective members, which Defendant may then appeal if denied, rather than proceeding seriatim seemingly ad infinitum.

The Court believes the Ninth Circuit explicitly approved this sequence in *Harrington*, holding that "where the existence and validity of an arbitration agreement remains in dispute, a district court is not required to rule on the arbitrability of absent employees' claims prior to authorizing notice. Instead, the district court may reserve that

determination until after the prospective plaintiffs have, in fact, opted into the litigation." 142 F.4th at 684.  Here, the validity of the arbitration agreement remains in dispute, as evidenced by Defendant's pending motion to compel arbitration and the parties' dispute over whether the arbitration agreement is unconscionable and therefore invalid with respect to the Opt-In Plaintiffs.  [*E.g.* Doc. No. 214-1 at 13–20; Doc. No. 150.]

The Court therefore intends to proceed with the case, including to order notice to the conditionally certified collective.  Though the filing of a notice of appeal ordinarily divests the district court of jurisdiction, "[w]hen a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply."  *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007).  Rather, "when an improper appeal is taken, the district court retains its jurisdiction to act on the case, and its extant orders must be followed by the litigants, at risk of grave sanction."  *Id.* at 910.

It is **SO ORDERED.**

Dated:  June 12, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge