UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA O'DELL, HOLLY ZIMMERMAN, and LAUREN MILLER, individually and on behalf of all others similarly situated,<br>Plaintiffs,<br>v.<br>AYA HEALTHCARE, INC.,<br>Defendant. | Case No.: 3:22-cv-1151-CAB-MMP<br>**SUPPLEMENTAL ORDER REGARDING DEFENDANT'S PETITION FOR A WRIT OF MANDAMUS**<br>**(Appeal No. 26-3867)** |

Defendant Aya Healthcare, Inc. ("Aya") recently filed a petition for a writ of mandamus in this case. [Appeal No. 26-3867, DktEntry 1 ("Petition").] The Circuit provided an opportunity for the Court to address the Petition if desired, [*Id.*, DktEntry 11.1.], which the Court elects to do via this supplemental order.

**A. Background**

This case was originally filed in August 2022 by three travel nurses who alleged that Aya (1) underpaid its travel nurses and (2) changed the terms of the assignment after the nurse began the assignment with a "take-it-or-leave-it" offer to accept less pay or be terminated. [Doc. No. 1.] The alleged collective under the Fair Labor Standards Act ("FLSA") could encompass more than 400,000 individuals. [Doc. No. 214 at 11.]

On February 25, 2025, the Court denied Aya's motion to compel arbitration of the 255 Plaintiffs who had opted in ("Opt-In Plaintiffs") on the basis of non-mutual offensive collateral estoppel. [Doc. No. 175.] Based on that decision, the Court "decline[d] to reach

the other issues raised by Plaintiff in opposition to the motion," [*id.* at 7 n.5], including that the delegation clause and arbitration agreement are unconscionable and that the law of the case doctrine did not apply because the prior Judge's ruling occurred before the Opt-In Plaintiffs joined the case and had the opportunity to present their arguments. [*See generally* Doc. No. 150.]

Aya appealed. The Court therefore "deemed withdrawn subject to refiling following the outcome of the appeal" Plaintiffs' motion to certify a conditional FLSA collective and Aya's motion to dismiss and strike class and collective allegations. [Doc. Nos. 121, 134, 189.]

On April 1, 2026, the Ninth Circuit reversed the Court's application of non-mutual offensive collateral estoppel and remanded the case for proceedings consistent with its opinion. *O'Dell v. Aya Healthcare Servs., Inc.*, 171 F.4th 1173 (9th Cir. 2026) ("*O'Dell I*").

On remand, the Court ordered a joint status report on the parties' suggested next steps and held a mandate hearing on May 11, 2026. [Doc. Nos. 190, 193, 196.] During the hearing, Aya asserted that if the Court found the arbitration agreement unenforceable against the current Opt-In Plaintiffs, Aya would move to compel arbitration each time any additional plaintiff—of the more than 400,000 potential plaintiffs—subsequently opted in. [Doc. No. 214-4 at 11, ll. 18-19 ("[O]ur position is we are going to be right back here moving to compel those arbitrations as well."); *id.* at 10–11, ll. 19–4.]

The Court held Aya's pre-appeal motion to compel arbitration in abeyance, conditionally certified an FLSA collective for the purpose of notice, and ordered the parties to meet and confer regarding a revised notice and notice process. [Doc. No. 199; Doc. No. 214-4 at 17.] No notice has since been ordered or distributed.

On May 27, 2026, Aya filed an *Ex Parte* Motion to Compel Arbitration, Decertify or Reconsider Certification, and for Entry of a Stay. [Doc. No. 214 ("*Ex Parte* Motion to Compel Arbitration").] The Court ordered a response from Plaintiffs, which was filed on June 5, 2026 after an extension that Aya did not oppose. [Doc. Nos. 216, 218.]

Five days later, on June 10, 2026, Aya filed a Notice of Appeal as to (1) the Court's "oral rulings entered on May 11, 2026, holding Aya's motion to compel arbitration in abeyance and refusing a stay under 9 U.S.C. § 3"; (2) "the written order entered May 12, 2026, partially granting plaintiffs' motion for conditional certification of a collective action"; and (3) "all other orders, rulings, and judgments merged therein." [Doc. No. 219.] Aya claimed that the Court's "orders refusing Aya's request for a stay under Section 3 are appealable as of right under 9 U.S.C. § 16(a)(1)(A)." [*Id.*]

On June 12, 2026, the Court issued an order regarding Aya's notice of appeal, explaining that it saw no basis for appeal because Aya's *Ex Parte* Motion to Compel Arbitration remained pending and Aya had not asked for, let alone received, a certification for interlocutory appeal under 28 U.S.C. § 1292(b). [Doc. No. 223.] Moreover, as the Court explained, it believed that proceeding by conditionally certifying a collective, ordering notice, and then deciding the *Ex Parte* Motion to Compel Arbitration (or any motion to arbitrate) on the merits (1) was within the Court's "substantial judicial discretion" with respect to "the proper means of managing a collective action," (2) comported with controlling precedent, and (3) avoided the possibility of proceeding seriatim as each new collective member opted-in over time. [*Id.* at 2–3.]

On June 16, 2026, Aya filed this Petition. [Doc. No. 225.]

**B. The Court Followed the Circuit's Mandate, Which Reversed the Application of Non-Mutual Offensive Collateral Estoppel**

Aya argues that mandamus is warranted to enforce the Circuit's mandate in *O'Dell I.* There, the Circuit held as a matter of first impression that the Federal Arbitration Act ("FAA") "does not permit the application of non-mutual offensive collateral estoppel that would result in the effective invalidation of arbitration agreements" and so remanded the case "for further proceedings consistent with [the Circuit's] opinion." *O'Dell I*, 171 F.4th at 1174. Aya argues that this Court's only choice on remand was therefore to compel arbitration and issue a stay under FAA § 3. [Appeal No. 26-3867, DktEntry 1.1 at 17.]

The Court disagrees. *O'Dell I* reversed the Court's application of non-mutual offensive collateral estoppel; it did not analyze or decide the merits of whether the arbitration agreement or delegation clause are unconscionable with respect to the Opt-In Plaintiffs and it did not order that the Opt-In Plaintiffs be sent immediately to arbitration.

Significantly, *O'Dell I* did not do so despite Aya seeking both of these outcomes from the Circuit. Aya's *O'Dell I* briefing asked the Circuit to "remand for entry of an order compelling the opt-in plaintiffs to arbitrate." [Appeal No. 25-1528, DktEntry 15.1 at 28.] And at the Circuit hearing, Aya argued that the "easiest way" to resolve the appeal in its favor was "to say that the delegation clause exists and [the issue of whether the dispute is arbitrable] should get kicked to an arbitrator." [Appeal No. 25-1528, Oral Argument at 1:30; *see also id.* at 29:30 (Judge Tallman: "Assuming that we determine that the district court erred by applying non-mutual offensive collateral estoppel here, should we decide whether or not the delegation clause is enforceable or should we send it back [to the district court]?"), 38:25 (Aya Counsel: "I think this Court can and should decide [the enforceability of the delegation clause] because it's been briefed."). The Court thus believes that the Circuit was keenly aware of Aya's desired outcome, yet did not order that relief. Instead, *O'Dell I* narrowly held that non-mutual offensive collateral estoppel is not compatible with the FAA, reversed this Court's decision on that issue, and remanded accordingly. The Court therefore believes that it acted within the spirit and the letter of the Circuit's mandate by proceeding with the case on remand as it did.

Aya relies on *Herrera v. Cathay Pac. Airways Ltd.*, 104 F.4th 702 (9th Cir. 2024) and *Vizcaino v. U.S. Dist. Ct. for W. Dist. of Washington*, 173 F.3d 713 (9th Cir. 1999), *amended on other grounds on denial of reh'g sub nom. In re Vizcaino*, 184 F.3d 1070 (9th Cir. 1999), but both cases are distinguishable because the Circuit either decided the merits question of arbitrability or issued explicit instructions for remand that were disregarded. *See Herrera*, 104 F.4th at 711 (determining that district court erred in denying defendant's motion to compel arbitration and remanding "with instructions to stay the action pending arbitration" of plaintiffs' underlying claim); *Vizcaino*, 173 F.3d at 720, 725 (explaining

that a prior appeal defined a particular class and so mandamus was appropriate when the district court redefined the class on remand). Here, this Court never addressed the merits of the Opt-In Plaintiffs' arguments regarding arbitrability, namely unconscionability. [Doc. No. 175 at 7 n.5 ("The Court declines to reach the other issues raised by Plaintiff in opposition to the motion.").]

### C. Alternatively, None of the *Bauman* Factors Support Mandamus

#### 1. *This Court's Case Management Decision Was Based on Controlling Precedent and Therefore Not Clearly Erroneous*

While the *Bauman* factors are considered holistically, the presence of clear error is a prerequisite for mandamus relief. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for the Dist. of Mont.*, 408 F.3d 1142, 1146 (9th Cir. 2005); *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650 (9th Cir. 1977). Without clear error, mandamus is unwarranted. *Burlington*, 408 F.3d at 1146. That is the case here where the Court believes that multiple Ninth Circuit cases support the Court's case management decision. *E.g.*, *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678, 684 (9th Cir. 2025) (recognizing a district court's "substantial judicial discretion" with respect to "the proper means of managing a collective action"); *McElmurry v. U.S. Bank Nat. Ass'n*, 495 F.3d 1136, 1139–41 (9th Cir. 2007) (denying appeal and mandamus where district court denied motion for notice to collective because issue could be raised on appeal from a final judgment without irreversibly forfeiting some right); *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1099, 1105–06 (9th Cir. 2018) (holding that decertification of certain employees from collective was appealable "after the interlocutory decertification order to which they are adverse merges with final judgment"); *Lillehagen v. Alorica, Inc.*, No. SACV 13-0092-DOC, 2014 WL 2009031, at *2 (C.D. Cal. May 15, 2014) (collecting cases deciding that certification decisions are not immediately appealable).

On the other hand, Aya can cite only out-of-circuit support for its position that certification of a collective action is immediately appealable.

Based on these cases, and Aya's position that even if the Court found the arbitration agreement unenforceable against the current Opt-In Plaintiffs, Aya would move for arbitration each time any of the more than 400,000 potential additional plaintiffs subsequently opted in to the collective, the Court elected to ascertain the full scope of the collective and any potentially fact intensive and individualized issues regarding the applicability and enforceability of the arbitration agreements before deciding Aya's motion.

*2. Aya Has Other Adequate Means to Attain Relief and Will Not Be Damaged or Prejudiced in a Way Not Correctable on Appeal*

As the Circuit held in *McElmurry*, the certification decision is not suitable for interlocutory appeal nor qualifies for mandamus relief because that decision does not decide the merits. So too here.

Aya complains that it will be damaged because it will have "lost the benefit of its bargained-for agreements even if the [Circuit] concludes years later that the district court erred by refusing to stay pending arbitration." [Appeal No. 26-3867, Dkt.Entry 1.1 at 31.] Again, the Court has not refused a stay pending arbitration. The Court exercised its case management discretion to proceed with notice to potential collective members, provide a limited opt-in period, and then resolve any arbitrability issues on the merits as to all Opt-In Plaintiffs. Aya is only required at the notice stage to provide the identities and contact information for potential members of the collective. Aya is not required to screen these individuals and determine whether each is "similarly situated" to Plaintiffs. That will be Plaintiffs' burden to demonstrate at the appropriate time if the collective action proceeds. Notice to potential opt-in plaintiffs with a set time frame will manage the case so that the enforceability of the arbitration agreement (common to all potential members of the collective) can be resolved efficiently.

The Court is also mindful of the statutory framework governing collective actions. Under 29 U.S.C. § 216, employees have a right to bring or join a collective action via a suit against an employer "by any one or more employees for and in behalf of himself or

themselves and other employees similarly situated." And in *Hoffman-La Roche Inc. v. Sperling*, the Supreme Court emphasized the important role that § 216(b) plays in vindicating employees' rights to bring collective actions and thus take advantage of lower costs and pooling resources:

> The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [unlawful] activity. These benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate. Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure. *See* Fed. Rule Civ. Proc. 83. It follows that, once a[ collective] action is filed, the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way.

493 U.S. 165, 170–71 (1989).

### 3. *Aya Has Not Shown Any Oft-Repeated Error or Persistent Disregard of the Federal Rules*

Aya contends that the Court's actions "demonstrate[] a persistent disregard for the FAA." [Appeal No. 26-3867, DktEntry 1.1 at 34.] The Court disagrees, particularly given the prior appeal was decided as a matter of first impression and on an entirely different issue (the application of non-mutual offensive collateral estoppel) than here. *See Bauman*, 557 F.2d at 660 (explaining that prior cases had not "applied the 'persistent disregard of the federal rules' concept to a district judge who had not received, prior to making the objectionable order, warning that such was erroneous"). Indeed, the Court believes that it

is Aya that has disregarded federal rules and the normal course of litigation by appealing a pending motion[1] and pursuing this Petition.

*4. The Court's Case Management Decision Presents No New and Important Problems or Legal Issues of First Impression*

Given the cases previously discussed, the Court does not view this case as raising a new and important problem or issue of law of first impression.

**D. The Circuit Need Not Reassign the Case**

The Court views reassignment as unnecessary. The Court has no hostility to arbitration, the FAA, or the parties, and is committed, as always, to faithfully and impartially applying the law.

It is **SO ORDERED.**

Dated: July 20, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

[1] To the extent the appeal was filed due to a perceived appeal deadline, Aya's (still) pending motion was styled as a motion for reconsideration. It is well settled that a timely motion for reconsideration renders an otherwise final decision no longer final for purposes of appeal. *Nutraceutical Corp. v. Lambert*, 586 U.S. 188, 197 (2019).